| 45 | 143 |
| 57 | 493 |

## CHILES V. STATE.

1. CRIMINAL PRACTICE: *Swearing the jury.*

In all criminal cases, regardless of grade, the jury must be sworn as provided in section 2248, Mansfield's Digest, although they be selected from the regular panel. The general oath administered to the regular panel is not sufficient.

2.  SAME:  *Same*:  *Bill of exceptions*: *Practice in supreme court.*

Unless the record proper shows that the jury in a criminal case was sworn as prescribed by section 2248, Mansfield's Digest, the conviction will be reversed in the supreme court.  It cannot be shown by the bill of exceptions.

3.  CRIMINAL EVIDENCE:  *Appointment of road overseer.*

In a prosecution against a road overseer for failure to work the road, proof of his application to the proper justice of the peace for an apportionment of hands is sufficient evidence of his appointment as overseer without producing the record of his appointment.  Public policy dispenses, generally, with proof of the original appointment of officers who assume to act as such, and are so recognized by other officials with whom they have business.

4.  SAME:  *Apportionment of road hands.  List of.*

The "list" of hands to be given by the apportioning justice to a road overseer must be a list of their names.  A list of plantations and designation of all the hands residing on them is not sufficient.  But the failure of the justice to make the list will not excuse the overseer for failure to work the road.  It will only subject the justice to punishment.  The overseer may, himself, make the list.

5.  PRACTICE:  *Motion for new trial.  Bill of exceptions.*

The facts upon which a motion for new trial is founded must not be stated in the motion, but in the bill of exceptions, unless they properly appear in the record.

APPEAL from *Desha* Circuit Court, Watson District.

Hon. JOHN A. WILLIAMS, Circuit Judge.

*X. J. Pindall* for Appellant.

1.  The indictment does not state that any hands had been apportioned to appellant.  *Mansf. Dig., Secs. 5902-3-4.*

2.  The record appointment of appellant was the best evidence, and the court erred in permitting parol evidence to be introduced that he was overseer.  *Ib. Sec. 5894.*

3.  The paper purporting to be an apportionment of hands *by plantations* improperly admitted.  *Ib. 5922-3.*

4.  The jury was not sworn.  See *Mansf. Dig., Secs. 2248, 2220-1.*

Chiles v. State.

*Dan W. Jones*, Attorney General, for Appellee.

The court did not err as stated in 4th ground of the motion for new trial. *41 Ark., 451; 20 Id. 202.*

The defendant admitted his appointment, and that is evidence that the district is a public road. *23 Ark., 550,* and the identity may be shown by parol. *Ib. 553.* For 7th ground see *41 Ark., 451.*

It was not necessary for the jury to be sworn in accordance with *Sec. 2248, Mansf. Dig.* See *Secs. 4006, 2220, 4013, 4015; 37 Ark., 61-3.* In felony cases the rule is different. *34 Id., 257; 29 Id., 17; Ib., 148; 42 Id., 105.*

EAKIN, J. The appellant is a road overseer, tried and convicted for the offense of failing to keep his road in repair as required by law. There was a motion for a new trial, bill of exceptions and appeal.

The record proper shows that, upon issue joined, a jury was called. "Whereupon John McDonald and eleven others, good and lawful jurors of the body of Desha county, for the Watson district, who were impaneled." The word "came" doubtless understood. The bill of exceptions shows that the jurors were of the regular panel, but were not specially sworn in the case.

1. Selecting and swearing the jury.

This was error, and is made one of the grounds of the motion for a new trial.

It is provided in our statutes regarding criminal procedure, that in cases of misdemeanor the jury shall be *selected* "in the manner provided by law for the formation of a jury in a civil action." *Mansf. Dig., Sec. 2220.* These jurors, for civil cases, are selected and impaneled at the beginning of the term, and sworn to try "each and all of the issues, inquisitions and other matters submitted to you respectfully as jurors" at that term of

9——45

the court.  *Ib. Sec. 4006.*  It is provided, however, in the next section (4007) that this oath shall be binding upon them in all *civil* cases.  So that no separate or additional oath is required in civil actions.

To select jurymen is to designate the parties who shall act as jurors and compose the panel.  They are to be called and impaneled in misdemeanors out of the regular list of petit jurors for the term, if enough can thus be had, just as if the case were a civil one.  In civil cases also a jury may be selected by the special mode of striking.  Juries in felonies are selected by drawing, and special examination on *voire dire.*  The design of the statute is to authorize the selection of jurors in misdemeanor cases, in any mode that would be proper in a civil case, and this clause has no application to the oath, which is administered after the selection.

2. SAME:— Must be shown by record.    An oath is prescribed by sec. 2248, to be taken by the jury, however selected, in all criminal cases, regardless of grade.  It obligates them to try the particular issues of the special case between the State of Arkansas and the defendant.  The record should show that the jurors were thus sworn, and this record fails to do so.  The bill of exceptions does not aid the record proper, even if the matters thereby imported were proper to be included in a bill of exceptions.  For this there must be a reversal.

It is expedient, nevertheless, to notice other points presented by the transcript.

3. EVIDENCE of appointment of road overseer.    The justice of the peace for the township who made the apportionment of the hands, testified that defendant had been appointed overseer of the road in question, and had, as such overseer, made application to him for the apportionment.  Defendant objected to this testimony on the ground that the original record of his appointment as overseer should be produced.  The objection was properly overruled.  Public policy dispenses with the proof, generally, of the original appointment

and qualification of officers, who assume to act as such, and are recognized as such by other officials with whom they have business. They are officers *de facto*. Persons may safely do business with them as such, and they cannot complain if they are held to the same accountability as if they were rightfully what they assumed to be.

It is further objected against the verdict that no proper apportionment of road hands was ever made to the defendant. There is a justice of the peace appointed in each civil township, for the apportionment of the road hands to the working of the several portions of public roads which run through his township. He is required to make out " two lists of the hands apportioned to each overseer, one for the overseer himself, and one to be filed with the clerk." For neglect. of this duty he is liable to a fine in any sum not less than ten dollars. It is made the duty of the overseer to warn every person so appointed, and he is empowered to put down on his list, also, "the names" of all persons subject to road duty that he may find in his road district, not apportioned to some other overseer. *Mansf. Dig., Secs. 5904, 5908, 5922-3, 5925.* The evidence shows that the justice, in this case, had made a list of the *plantations* along the road, and had apportioned all the hands on said plantations, subject to road duty, without naming the hands. The defendant refused to receive this, or to work the road at all unless a list of names were given him, and in fact did not. The list so made out by places was read to the jury against objections of defendant, and the court, in reference to this point, instructed the jury, in effect, that the law did not require the apportionment to be made by names, but that it was sufficient to designate all persons or hands within a certain described territory on the line of the road.

The word "list" means properly a simple series of names, etc., in a brief form (see Webster in verb.) and it is a list of the things named. The paper furnished by the justice is a

4. Apportionment of road hands. List of.

Chiles v. State.

good list of plantations, but scarcely comes up to the idea of a list of hands, although it furnishes data from which a list of hands might be made. The law seems to contemplate a list of names, for the overseer is empowered to put down on the list furnished by the justice *the names* of all others, etc. It is no more onerous on the justice to do this than it would be on the overseer, which he must do in order to give the warning, if the justice has not done it. It is his guide in warning. We think the honorable circuit judge was mistaken in his views of the list, and ought not to have allowed it to go to the jury. But its exclusion would not have excused the defendant. His duty to work the road in accordance with law, and with the best means within his reach did not depend upon the apportionment. He had the power himself to make a list of all persons in the district not elsewhere apportioned. If he were put to extra trouble by the fault or misconception of duty of the magistrate, the public should not suffer. The justice was punishable.

5. PRACTICE: Motion for new trial. Bill of exceptions.    It may be worth repeating, that a motion for a new trial cannot speak as to facts, although this court has often asserted it. The facts upon which the motion is grounded must be set forth *aliunde* in the bill of exceptions, unless properly appearing in the record. Issues of fact cannot be made in a motion for a new trial. The motion should be made on something done and appearing outside of the motion. The motion in this case is partly based on facts which do not appear.

Because the trial jury was not sworn, it was error to refuse the motion for a new trial.

Reverse the judgment, and remand with the usual instructions in such cases.