[No. 20606. In Bank. — January 2, 1890.]

EX PARTE J. H. MILLER, ON HABEAS CORPUS.

HABEAS CORPUS — CONVICTION FOR MISDEMEANOR — DENIAL OF JURY TRIAL — WAIVER — REVIEW OF ERRORS. — A prisoner will not be discharged upon *habeas corpus* because a jury trial was denied in the justice's court in which he was convicted of a misdemeanor. When the offense charged is not a felony, a jury may be waived, and even if erroneously denied, the error cannot be reached by *habeas corpus*, there being a valid commitment by a court having jurisdiction of the subject-matter, and of the party.

ID. — IMPRISONMENT FOR FINE — VIOLATION OF COUNTY ORDINANCE NOT PROVIDING IMPRISONMENT. — A prisoner will not be discharged on *habeas corpus* because held under a judgment of conviction providing the alternative of imprisonment for non-payment of a fine for misdemeanor in violating a county ordinance, which did not provide for such imprisonment. The code provides for such imprisonment as a means of enforcing a fine for misdemeanor.

APPLICATION for a writ of *habeas corpus*. The facts stated are in the opinion of the court.

*M. C. Barney*, and *A. L. Hart*, for Petitioner.

*Attorney-General Johnson*, and *W. T. Phipps, contra.*

WORKS, J.—This is an application for a writ of *habeas corpus.* The principal ground of the application is, that the petitioner, upon a trial for a violation of an ordinance of the board of supervisors of Sutter County, was by the justice's court denied a jury, and upon a trial by the justice convicted and fined one hundred dollars. The offense charged was not a felony, and a jury might have been waived. The return of the officer to the alternative writ shows a valid commitment by a court having jurisdiction of the subject-matter and of the party. If a jury trial was denied, it was a mere error which could not be reached by a writ of *habeas corpus.* (*Ex parte McCullough,* 35 Cal. 97; 4 Crim. Law Mag. 789 et seq.; *Ex parte Brandon,* 45 Ark. 143; *Tormey* v. *Barr,* 75 Iowa, 758; *Zelle* v. *McHenry,* 51 Iowa, 572; *Kelly* v. *People,* 115 Ill. 583; 56 Am. Rep. 184.)

It is further contended that the judgment of the justice's court was void, because it provided for the alternative of imprisonment in the county jail in case the fine assessed was not paid. This is placed on the ground that the ordinance under which the petitioner was prosecuted did not provide for such imprisonment. But the offense for which the petitioner was convicted was a misdemeanor, and the code provides for such imprisonment as a means of enforcing the fine. (Pen. Code, secs. 1446, 1456; *Ex parte Ellis,* 54 Cal. 204; *Ex parte Chin Yan,* 60 Cal. 78; *Ex parte Baldwin,* 60 Cal. 432.)

The judgment was in proper form and valid.

Writ denied, and prisoner remanded to the custody of the sheriff of Sutter County.

THORNTON, J., SHARPSTEIN, J., PATERSON, J., FOX, J., MCFARLAND, J., AND BEATTY, C. J., concurred.