[No. 13326.　Department One. — January 29, 1890.]

## JAMES A. POWELSON, Appellant, *v.* W. C. LOCKWOOD, Respondent.

Prohibition — Justice's Court — Denial of Jury Trial for Misdemeanor — Criminal Law — Vagrancy — Jurisdiction — Appeal. — A writ of prohibition is not allowable to prevent a justice's court from trying a charge of vagrancy, under section 647 of the Penal Code, without a jury. The justice's court has jurisdiction of the subject-matter, and any error as to its mode of procedure cannot be arrested or corrected by the writ of prohibition, the defendant having a plain, speedy, and adequate remedy by appeal to the superior court.

ID. — OFFICE OF WRIT OF PROHIBITION — QUESTIONS REVIEWABLE — STIP-
ULATION AS TO QUESTION OF ERROR — APPELLATE JURISDICTION. — Upon
an application for a writ of prohibition from a superior court to a jus-
tice's court, the only questions which can properly be considered are as
to whether the act sought to be prohibited is in excess of the jurisdiction
of the justice's court, and whether there is a remedy by appeal. A stipu-
lation upon appeal to the supreme court submitting the question as to
whether the justice's court erred in its action, and agreeing that the
judgment of the superior court as to the writ of prohibition may be re-
versed or affirmed according to the decision of that question, must be
disregarded. The writ of prohibition cannot be made by stipulation to
serve the purpose of an appeal; nor can the supreme court exercise
appellate jurisdiction by means of a writ of prohibition, without any
appeal, and in a case to which its appellate jurisdiction does not ex-
tend.

APPEAL from a judgment of the Superior Court of Los
Angeles County.

The facts are stated in the opinion.

*Henry T. Gage,* and *John Robarts,* for Appellant.

*Frank P. Kelly,* and *B. M. Marble,* for Respondent.

VANCLIEF, C.—Alternative writ of prohibition issued
by the superior court of the county of Los Angeles, on
the petition of appellant, to the respondent, a justice
of the peace of Los Angeles City, to prohibit said jus-
tice from trying the petitioner on a charge of vagrancy,
under section 647 of the Penal Code, without a jury.
The appeal is from the judgment discharging the writ.

It appears that the respondent denied the petitioner's
demand for a new trial, properly made, if he was entitled
to a jury trial, and that the justice proposed and was
about to try him upon said charge without a jury.

Upon the trial the application was opposed on two
grounds: 1. That prohibition was not the proper rem-
edy; 2. That defendant was not entitled to a jury trial.
The court sustained the opposition on the first ground,
and declined to consider the second.

I think the court properly sustained the opposition

to the writ on the first .ground above stated, and for the reasons that the justice's court had jurisdiction of the subject-matter—the misdemeanor charged—and of the parties; that in denying a jury trial, even if appellant was entitled to it, and in trying, or in proposing to try, the case without a jury, the justice's court did not exceed nor propose to exceed its jurisdiction; and that even if this action or proposed action of the justice's court was erroneous, it was so only as to the mode of procedure in an action of which that court had jurisdiction. The commission of such an error cannot be arrested or corrected by the writ of prohibition. (*Ex parte Miller, ante,* p. 454.) If there was any exception to this general rule, at common law, which is doubtful, it has been repealed by our Code of Civil Procedure as heretofore expounded and enforced by this court. (*Clark* v. *Superior Court,* 55 Cal. 199; *Wreden* v. *Superior Court,* 55 Cal. 504; *More* v. *Superior Court,* 64 Cal. 345.) Beside, the appellant had a plain, speedy, and adequate remedy by appeal to the superior court. (Pen. Code, secs. 1237, 1466, 1467.)

No point has been made or argued by counsel on this branch of the case, though the decision of it seems to be well sustained by an able opinion of the learned judge of the lower court, brought up with the record. But counsel have stipulated "that if the defendant is entitled to a jury trial in such misdemeanor case in the said justice's court, the judgment and decision of the superior court herein may be reversed, with the direction to the court below to enter an order that appellant have prohibition directed unto respondent and his said court, to desist from all further proceedings in the case of The People against Powelson, without a jury." As to this stipulation respondent's counsel says: "The real issue in this case being as to whether or no the defendant is entitled to a jury trial, and the people, as well as appellant,

being desirous of having the question finally settled on this appeal, the respective counsel have entered into the stipulation set forth in paragraph 11, pages 5 and 6 of appellant's brief; and, in accordance therewith, present no points on the question of prohibition, but confine themselves to the question as to whether appellant is entitled to a jury trial, and respectfully ask the court to pass upon that point solely."

Inasmuch as counsel have very ably argued the question which, alone, they have stipulated to submit, I regret to say, that, in my opinion, their stipulation must be disregarded.

I think that the lower court properly declined to consider the question as to whether the justice's court merely erred in denying a jury trial. The court exhausted its authority on the application for the writ of prohibition, in determining, as it did, that the act sought to be prohibited was not in excess of the jurisdiction of the justice's court, and that the defendant had a remedy by appeal. It could not, on that application, arrest or review the mere errors of the justice's court about to be committed within the province of its jurisdiction, and thus make the writ of prohibition, or the application for it, serve the purpose of an appeal. The same rule must be applied to the case here on this appeal; otherwise, this court must exercise mere appellate jurisdiction by means of a writ of prohibition, without any appeal, and in a case to which the appellate jurisdiction of this court does not extend.

It is, therefore, unnecessary, for any purpose of this appeal, to decide whether or not the appellant was entitled to a jury trial in the justice's court, and the expression of an opinion upon this question would be improper, notwithstanding the stipulation of counsel, for the reasons that such an opinion would have no bearing upon any material question to be decided, and no proper effect

as authority or otherwise.  (*State* v. *McGlynn*, 20 Cal.
276; 81 Am. Dec. 118.)

I think the judgment should be affirmed.

FOOTE, C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing
opinion, the judgment is affirmed.