[Crim. No. 99.   In Bank.—November 7, 1895.]

## IN RE JEANNE FIFE.

CRIMINAL LAW—TRIAL BY JURY—POLICE COURT—VAGRANCY.—The legis-
lature may provide for summary proceedings in the police court, with-
out a jury, in cases of such petty offenses as were thus provided for in
certain early English statutes, and in cases which are intrinsically of a
similar nature and degree, and vagrancy is one of such offenses, for a
summary trial of which without a jury the legislature might provide
by a general law.

ID.—RIGHT TO JURY TRIAL—ERROR—APPEAL—JURISDICTION—HABEAS
CORPUS.—There is no valid statutory provision for a trial of a case of
vagrancy without a jury; but the denial of a trial by jury in such a case,
in the police court is merely error to be corrected on appeal, and does
not go to the jurisdiction of the court, and cannot be inquired into on
*habeas corpus.*

ID.—WAIVER OF JURY TRIAL—REVIEW UPON HABEAS CORPUS.—A jury
trial may be waived in any civil case and in all criminal cases not
amounting to a felony; and in any case in which a jury trial may be
waived, and in which a jury trial is not a necessary constituent part of
the court, the refusal of the court to allow a jury is mere error, and
cannot be reviewed upon *habeas corpus.*

PETITION in the Supreme Court for a writ of *habeas
corpus.*

The facts are stated in the opinion of the court.

*J. Marion Brooks,* for Petitioner.

The trial of all misdemeanors should be by jury, un-
less waived by the accused, or unless the legislature has
exercised its power to provide for the trial of such
offenses summarily without a jury. As the Whitney
Act, by virtue of which the police courts of the city of Los
Angeles exist, does not provide for such summary trial
for vagrancy, the legislature has not exercised its power
to provide for the trial of such cases in that city with-
out a jury. (Pen. Code, secs. 1042, 1430, 1435; *Taylor*
v. *Reynolds,* 92 Cal. 573.)

*J. A. Donnell, District Attorney,* and *F. R. Willis, Dep-
uty,* for Respondent.

Vagrancy being a misdemeanor for which a trial by
jury is not guaranteed by the constitution, the legislature

has power to provide for the trial of such offenses without a jury. The police court had jurisdiction to try this case without a jury under the Whitney Act. (Pol. Code, secs. 716, 717; 4 Blackstone's Commentaries, 281.) A judgment or proceeding cannot be assailed for mere error on a writ of *habeas corpus*. (Church on Habeas Corpus, 372; *Willis* v. *Bayles*, 105 Ind. 371; *Ex parte Turner*, 75 Cal. 228; *Ex parte Ah Men*, 77 Cal. 202; 11 Am. St. Rep. 263, and cases cited; *Ex parte Miller*, 82 Cal. 455, and cases cited.)

McFARLAND, J.—This is a petition for a writ of *habeas corpus*. The petitioner shows that she was convicted in the police court of the city of Los Angeles of the offense of vagrancy; that she appealed to the superior court of the county of Los Angeles, where the judgment of the police court was affirmed, and that she did not waive a jury in the said police court, and expressly made a demand in the superior court for a jury, and said demand was refused. Her contention is that having been tried and convicted, under these circumstances, without the intervention of a jury, her imprisonment is illegal, and that she should be restored to her liberty upon *habeas corpus*.

In the recent case of *Ex parte Wong You Ting*, 106 Cal. 296, we took occasion to inquire somewhat fully into the right of a jury trial in criminal cases, and our conclusion there was that the *legislature might provide* for summary proceedings without a jury in cases of such petty offenses as were thus provided for in certain early English statutes and in cases which are intrinsically of a similar nature and degree as those mentioned in said statutes. Vagrancy is, we think, one of those offenses, and the legislature might provide by a general law for the summary trial without a jury of persons charged with said offense; but we agree with the superior court of Los Angeles county sitting in bank, whose learned opinion on the subject was presented to us at the argument here, that there is no valid statutory provision for

such a trial without a jury. Conceding, however, that the denial of a jury in such a case would be error, for which the judgment should, on appeal, be reversed by the superior court, still the point is urged here that such denial does not raise a question of jurisdiction which can be considered on *habeas corpus*.

The learned judges of the superior court, in their opinion above noticed, seemed to assume, and perhaps quite naturally, that this court in *Taylor* v. *Reynolds*, 92 Cal. 573, and *Ex parte Wong You Ting, supra,* had decided that the question here involved could be determined on *habeas corpus*. But in those cases the question was not raised, and was not in any manner considered. In *Taylor* v. *Reynolds, supra,* the court, in its opinion, says: "The answer admits all the facts alleged, and waives all objections that might be made to the writ, to the end that the questions sought to be raised may be decided upon their merits"; and in *Ex parte Wong You Ting, supra,* we said: "The only question before us necessary to be decided is whether or not appellant was entitled to a jury trial. . . . . The point that the refusal of a jury can be reviewed only on appeal is not made." In the case at bar, however, the point is expressly made and insisted on, and cannot be evaded.

Upon a thorough examination of the question we are forced to the conclusion that either in civil or criminal cases the denial of a trial by jury is merely error to be corrected on appeal, and does not go to the jurisdiction of the court, so that it may be inquired into on *habeas corpus*, except in those cases where a jury cannot be waived, and therefore is a necessary constituent part of the court. A jury may be waived in any civil case, and it is not contended by any one that the refusal of a demand for a jury in a civil case affects the jurisdiction, or is anything more than error; and, as a jury may, under the constitution, be waived "in all criminal cases not amounting to a felony," a jury is not a necessary constituent part of a court for the trial of a misde-

meanor, and the refusal of the court to allow a jury on such a trial is mere error. This principle will be found to be established by the general authorities; but as it has been definitely declared by decisions of this court, we need look no further. *Ex parte Miller*, 82 Cal. 454, is determinative of the point. That was *habeas corpus*, and the petitioner demanded his discharge upon the ground that he had been denied a jury trial in the justice's court in which he was convicted; but this court, sitting in bank, remanded the petitioner, and said: "The offense charged was not a felony, and a jury might have been waived. The return of the officer to the alternative writ shows a valid commitment by a court having jurisdiction of the subject matter and of the party. If a jury trial was denied, it was mere error which could not be reached by a writ of *habeas corpus*." Citing authorities. In *Powelson* v. *Lockwood*, 82 Cal. 613, there was an application for a writ of prohibition to restrain a justice of the peace from trying the petitioner on a charge of vagrancy without a jury—which raised the precise point decided in *Ex parte Miller, supra*. In that case it was said: "I think the court properly sustained the opposition to the writ on the first ground above stated, and for the reasons that the justice's court had jurisdiction of the subject matter—the misdemeanor charged—and of the parties; that in denying a jury trial, even if appellant was entitled to it, and in trying or in proposing to try the case without a jury, the justice's court did not exceed or propose to exceed its jurisdiction; and that, even if this action or proposed action of the justice's court was erroneous, it was so only as to the mode of procedure in an action of which that court had jurisdiction."

Upon the foregoing authorities we hold that the denial by the lower court of petitioner's demand for a jury was only error, and does not go to the question of jurisdiction, and therefore cannot be reviewed in the proceeding of *habeas corpus*.

The petitioner is remanded, and the writ dismissed.

BEATTY, C. J., HENSHAW, J., GAROUTTE, J., HARRISON, J., VAN FLEET, J., and TEMPLE, J., concurred.