FAULKNER et al vs HUTCHINS.

Opinion delivered September 25, 1902.

1. *Appeal—Record—Bill of Exceptions.*
     Where matters of record proper only appear as a part of the bill of exceptions, same will not be considered and an appeal based upon such incomplete record, must be dismissed.

*Robert H. West,* for appellants.

*Ledbetter & Bledsoe,* for appellee.

CLAYTON, J.   This is an action of unlawful detainer, pending here on a motion to dismiss upon the ground that apellants have not lodged with the clerk of this court a transcript of the record of the trial of the cause in the United States court at Ardmore.   The only party of the record being lodged with the clerk of this court is the alleged bill of exceptions, signed by the judge of the trial court.   There nowhere appear, outside of the bill of exceptions, any of the pleadings or record entries of the proceedings had in trial court.   All that part of the record proper, which should have been brought up without the intervention of a bill of exceptions, is included in it, and nowhere else appears in the transcript filed in this court.   The complaint, the answer, three amended answers, the replication, the demurrer, and all motions and orders of the court, except the motion for appeal and the order granting it and giving defendant 60 days in which to prepare and file their bill of exceptions, are included in the bill of exceptions signed by the judge, and filed in the United States court at Ardmore as the record of the proceedings of that court as therein contained.   In addition to the bill of exceptions, the record here shows a prayer for appeal and motion to be allowed 60 days in which to prepare bill of exceptions, the order sustaining the motion, the bond, and certain exceptions taken at the trial.   Then follows the clerk's certificate that the "above and foregoing is a true and correct transcript in the cause as the same appears of file and record" in his office.   This court will not consider that which is of the record proper when they appear only in the bill of exceptions.   Chiles, vs State, 45 Ark. 143; Randolph vs McCain, 34 Ark. 696; Anthony vs Brooks, 31 Ark. 725.   And the reason is obvious.   A bill of exceptions is only intended to bring up on the record matters which are otherwise no part of it.

In order that it may be filed, and thereby become a part of the record, it must first be examined and certified to and signed by the judge. The clerk has no part in its preparation, nor is he required to compare it with that which may be on file in his office. When certified to by the judge and filed in his office, it becomes a part of the record of the case; and when the transcript is made it must be included as it was filed, without alteration. But not so with the record proper. The judge has nothing to do with that. It, without any reference to the bill of exceptions must be included in the transcript by the clerk, and certified to by him as being correct. As to that he is responsible, and his certificate is alone conclusive. In this case he certifies that the transcript is correct as it appears of file and record in his office. That part which is of file is the bill of exceptions, and that of record the other matters which appear in the transcript. The clerk has never prepared, nor has he certified to as being correct, that part of the record proper which is contained in the bill of exceptions. We only have the signature of the judge as to that, while the law requires that it shall be the clerk.

The appeal is dismissed.