## VANN VS UNITED STATES.

Opinion delivered October 19, 1904.

1. *Criminal Law—Appeal—Record—Dismissal.*

> Where on appeal in a criminal case record entries which should appear in the record proper are only brought up as a part of the bill of exceptions, the appeal will be dismissed.

Appeal from the United States Court for the Western District.

CHARLES W. RAYMOND, Judge.

James Vann was convicted of assault, and appeals. Dismissed.

*Cravens, Rutherford & Cravens* and *N. B. Maxey*, for appellant.

*W. M. Mellette*, U. S. Atty., and *E. L. Kistler*, Asst. U. S. Atty.

CLAYTON, J.  The appellant was indicted and tried on a charge of an assault with a deadly weapon, and convicted of a simple assault, and fined $100.  That which purports to be a transcript of the record consists solely of two bills of exceptions, one purporting to have been presented by the defendant to the judge, and signed by him.  The other was attempted to be filed, we presume, under section 5161 of Mansfield's Digest (section 3366, Ind. Ter. St. 1899).

The first bill of exceptions was signed by the judge on February 13, 1904, but there is nothing to show when either of them was filed in the court below, or whether they were ever filed there, except the general certificate of the clerk that they constitute a "true and correct record of the proceedings."  There are no record entries in the transcript, except such as appear in the bill of exceptions signed by the judge.  The order showing the court in session, the formation of the grand jury, the indictment, the arraignment and plea, the impaneling of the trial jury, the verdict, the order overruling the motion for new trial, and the judgment of the court, all belonging to the record proper, are embraced in it, and are nowhere else to be found.  In the case of Faulkner vs Hutchins, 4 Ind. Ter. Rep.    , (69 S. W. 867), we held that "an appeal will be dismissed when there nowhere appears, outside of the bill of exceptions, any of the pleadings or record entries of the proceedings in the trial court."  In the case of Anthony vs Brooks, 31 Ark. 725, the court say:  "In the bill of exceptions it is stated that an appeal was asked and granted, but there is no entry on the record proper of such fact.  It is not the office of a bill of exceptions to show facts that are properly matters of record, but to make such things that would not otherwise appear in it.  The prayer for and grant of the appeal is, necessarily, a matter of record, and is not the subject of an exception; and a statement in a bill of exceptions that an appeal was prayed and granted cannot countervail the record when it is

silent as to such fact. There is nothing before us for our consideration." In the case of Randolph vs McCain, 34 Ark. 698, the court say: "The record shows no answer to the complaint. We find in the bill of exceptions, however, a copy of a paper said to have been put in as an answer, amounting to a denial of the debt. It is out of place there, and cannot be noticed." See, also, Chiles vs State, 45 Ark. 143. The second bill of exceptions contained (and properly so) none of the record entries, and, as they nowhere else appear, other than above stated, there is nothing before us in this case for our consideration.

The appeal is dismissed.

TOWNSEND and GILL, JJ., concur.