[S. F. No. 3015.    Department One.—November 28, 1904.]

## GEORGE W. WITTMAN, Respondent, v. POLICE COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, and GEORGE H. CABANISS, Judge, Appellant.

CERTIORARI—ORDER OF POLICE JUDGE—SUMMONING OF TRIAL JURY BY SHERIFF—JURISDICTION—WAIVER OF ERROR—REMEDY BY APPEAL.— The writ of *certiorari* or review will not lie to annul an order of a judge of the police court of the city and county of San Francisco, made under section 230 of the Code of Civil Procedure, for the summoning of a trial jury by the sheriff in a case of misdemeanor. Such order was within the jurisdiction of the police judge, and if any error was involved in the making of it the defendant might waive such error, and if it was not waived he had an adequate remedy by appeal.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.    J. M. Seawell, Judge.

The facts are stated in the opinion.

John J. Barrett, for Appellant.

P. F. Dunne, and J. A. Hosmer, for Respondent.

GRAY, C.—This is a *certiorari* proceeding in which the trial court gave the plaintiff judgment annulling an order of defendant which directed the sheriff of the said city and

county to summon forty jurors for the trial of the plaintiff on a charge of misdemeanor then regularly pending before the defendant police court. The defendant appeals from the judgment.

The writ of *certiorari,* otherwise denominated the writ of review, is an extraordinary remedy, and lies only "when an inferior tribunal, board, or officer, exercising judicial functions, *has exceeded the jurisdiction* of such tribunal, board, or officer, *and there is no appeal,* nor, in the judgment of the court, any plain, speedy, and adequate remedy." (Code Civ. Proc., sec. 1068.)

It is provided in section 230 of the Code of Civil Procedure as follows: "When jurors are required in any of the justices' courts or in any police or other inferior court, they shall, upon the order of the justice, or any one of the justices where there is more than one, or of the judge thereof, be summoned by the sheriff, constable, marshal, or policeman of the jurisdiction." In the regular course of the misdemeanor case pending before the herein defendant police court, the defendant therein having demanded a jury, it became necessary for the judge of said court to construe said section 230 for the purpose of determining whether it gave him any discretion as to which of the officers mentioned the venire should be directed. He seems to have concluded that it did give him a discretion, and exercised that discretion in favor of the sheriff. The construction of the section and the issuance of the venire were not only matters within the jurisdiction of the police judge, but were absolutely necessary to the further progress of a case in which it is admitted that the police court had jurisdiction of the subject-matter as well as of the person of the defendant. To what officer the venire should run was a question that it was the necessary duty of the police judge to decide. It is not necessary for us to say, and we do not here even intend to intimate, whether he decided the question correctly in directing the venire to the sheriff. If he decided it incorrectly, it was only an error that might have been waived without invalidating any subsequent judgment in the action, and, if not waived, it might also have been reviewed as an error of law on appeal from any judgment that might have followed. It may not be amiss in this connection to say that there is nothing in the petition for this writ to show that the summoning of the

jury by the sheriff was not waived or consented to by petitioner, but, so far as we can gather from the petition, the case was continued from time to time after the jury was summoned, and it is not shown that any objection was made in the police court at any time on account of the sheriff having summoned the jury. The writ should have been refused for the dual reason that the order of which the annulment was sought was clearly a matter within the jurisdiction of the police judge, and if any error was involved in the making of it, the defendant in the action had an adequate remedy by appeal. (*Bennett* v. *Wallace,* 43 Cal. 25; *Valentine* v. *Police Court,* 141 Cal. 615.)

This court has held in two well-considered cases that the denial of a jury altogether in a misdemeanor case was but an error of law, and that the justice's court did not in such denial exceed its jurisdiction. (*Ex parte Miller,* 82 Cal. 454; *Powelson* v. *Lockwood,* 82 Cal. 613.) If an order denying a jury trial altogether is not in excess of jurisdiction, it is difficult to see how an order merely directing what officer shall summon persons from whom to select a jury can be said to be in excess of jurisdiction. In the still later case of *In re Fife,* 110 Cal. 8, also well considered, it is said: "A jury may be waived in any civil case, and it is not contended by any one that the refusal of a demand for a jury in a civil case affects the jurisdiction, or is anything more than an error; and, as a jury may, under the constitution, be waived 'in all criminal cases not amounting to a felony,' a jury is not a necessary constituent part of a court for the trial of a misdemeanor, and the refusal of the court to allow a jury on such a trial is mere error. This principle will be found to be established by the general authorities; but as it has been definitely declared by decisions of this court, we need look no further."

We advise that the judgment be reversed, with directions to the court below to deny the petition of plaintiff in every particular.

Harrison, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed, with directions to the court below to deny the petition of plaintiff in every particular.

          Shaw, J., Angellotti, J., Van Dyke, J.