FAULKNER VS HUTCHINS.

Opinion rendered November 24, 1906.

(98 S. W. Rep. 153).

1. *Appeal—Non-joinder of Parties—Effect.*

Sec. 782 Carter's Indian Territory statutes provides that, if there are several persons against whom judgment may have been rendered, and who are entitled to bring a writ of error or appeal thereon, living at the time of bringing the same, they shall all join therein, except when otherwise provided by law, and if any are omitted the appeal shall be dismissed, on motion of the appellee, upon due proof of the facts, unless one or more of such persons be allowed to proceed by the court. *Held;* It appearing that the appeal was taken by but one of the defendants and there being no evidence in the record of any summons or severance or of any notice to the other defendants, the appeal having been already dismissed by this court and that action affirmed by the Circuit Court of Appeals, any subsequent proceeding or action upon the part of the appellee will not change the condition of the record or the rights of appellant.

Appeal from the United States Court for the Southern District of the Indian Territory; before Justice Hosea Townsend, February 13, 1902.

Action between R. B. Faulkner and John Hutchins. From a judgment in favor of the latter, the former appeals. Dismissed.

*R. H. West* and *Herbert, Walker & Cannon*, for appellant.

*Ledbetter & Bledsoe*, for appellee.

LAWRENCE, J. This appeal was before this court at its September term, 1902, and upon motion the appeal was dismissed because of insufficient record appearing in the transcript from the court below. See Faulkner vs Hutchins (I. T.) 69 S. W. 867. The appeal was prosecuted by appellants from this court to the Circuit Court of Appeals for the Eighth Circuit, and the action of the court below was there affirmed November 3, 1903. See Faulkner vs Hutchins, 126 Fed. 362, 61 C. C. A. 425. The Circuit Court of Appeals in its decision states: "The decree in this case was against R. B. Faulkner, Fayette Owens, Jim Bends, Minnie Owens, and John Crisp, for possession of real estate, and against R. B. Faulkner, George W. Holder, M. W. Riley, and M. L. Powers, J. T. Jack, and John Droughan, for $560. The appeal was taken by R. B. Faulkner alone from this joint decree, and there is no evidence in the record of any summons or severance or of any notice to the other defendants offered. A separate appeal by a single party from a joint decree against him and others cannot be maintained without notice to the other defendants. For this reason the Court of Appeals in Indian Territory was right, and it is affirmed." Since the mandate of that court was filed in this court an attempt has been made by the ap-

pellants to have the parties omitted in the former appeal brought in by notice or summons, in an attempt to cure the defect heretofore appearing.

Section 782 of Carter's Indian Territory Statutes provides: "If there be several persons against whom any judgment may have been rendered, and who are entitled to bring a writ of error or appeal thereon, living at the time of bringing the same, they shall all join therein, except where it may be otherwise provided by law; and if any are omitted the appeal shall be dismissed, on motion of the appellee, upon due proof of the facts, unless one or more of such persons be allowed by the court to proceed." We are of the opinion, however, that this section of the statute does not relieve the appellants in this case. The appeal has already been dismissed by this court, and its action confirmed by the Circuit Court of Appeals. Any subsequent proceeding or action upon the part of the appellee will not change the condition of the record or the rights of the appellant. In the case of Mason vs U. S. 136 U. S. 581, 10 Sup. Ct. 1062, 34 L. Ed. 345, which was a civil action upon the bond of a postmaster, the process was against the post-master and seven sureties jointly. Two of the sureties died before trial, and the suit was abated as to them. Two appeared, and, together with the postmaster, went to trial in defense. The default of the remaining three sureties was taken before proceeding to trial. The judgment was entered against all the remaining parties impleaded (the postmaster and the five sureties). To this judgment two of the sureties sued out a writ of error without joining the other parties or summons and severance. To cure this defect the plaintiffs in error moved the court for leave to amend the writ of error by inserting their names, they being all the defendants in the judgment rendered by the court below, and also by a similar amendment of the citation and bond; or, in case that relief could not be

granted, it was moved for an order of severance, so that the judgment rendered in the court below be allowed to stand and the two plaintiffs in error be permitted to prosecute the writ of error and their assignments made upon the record therein. The motion to amend the writ of error, citation, and bond was denied by the court. The record shows that all the parties defendant in the court below have not been brought into this court by summons or notice, and therefore, under the most liberal rule, the appeal would have to be dismissed. This being a decree in equity, and a joint one against all the defendants, all the parties must join in the appeal from it. Hardee vs Wilson, 146 U. S. 179, 13 Sup. Ct. 39, 36 L. Ed. 933.

The judgment of the trial court is affirmed, and the appeal is dismissed.

GILL, C. J., and CLAYTON, J., concur.