[Civ. No. 525. First Appellate District.—April 29, 1908.]

P. G. GOODMAN, Petitioner, v. SUPERIOR COURT OF THE COUNTY OF SANTA CLARA, and M. H. HYLAND, Judge, Respondents.

WRIT OF REVIEW—ERRORS NOT CORRECTIBLE—EXCESS OF JURISDICTION.—The writ of review may not be used to correct errors, but can only be issued where the court to which it may be directed has acted without or in excess of jurisdiction.

ID.—APPEAL FROM JUSTICE'S COURT—DENIAL OF JURY TRIAL—RULE OF COURT—WAIVER.—The denial of a jury trial in a case appealed from the justice's court to the superior court, because of failure to demand the same within the time fixed by the rule of the superior court, even if erroneous, was an act within the jurisdiction of the superior court; and a writ of review will not lie to annul an order denying a jury trial in a case in which a jury trial might be waived.

PETITION for writ of review to the superior court of Santa Clara County, and M. H. Hyland, Judge.

The facts are stated in the opinion of the court.

William A. Bowden, for Petitioner.

HALL, J.—This is an original application for a writ of review, the purpose of which is to have it determined that the superior court exceeded its jurisdiction in refusing petitioner's request for a jury trial, in a cause appealed to said court from a justice's court, and in trying said cause without a jury, and in entering judgment against petitioner upon said trial notwithstanding his demand for a jury trial.

The petition shows that the superior court refused to allow petitioner a jury because of failure to comply with the rules of the court concerning the time within which the demand for a jury must be made.

The writ of review may not be used to correct errors, but can only be issued where the court, to which it may be directed, has acted without or in excess of its jurisdiction. The basis of petitioner's contention in this case is that the court acted in excess of its jurisdiction in trying the case without a jury notwithstanding petitioner's demand for a jury. It is sometimes a nice question as to whether a particular action of the court is mere error, or is in excess of jurisdiction; but in this state it has been decided that the denial of a jury trial in a case where a jury might be waived is error only, and not action in excess of jurisdiction. (*Ex parte Miller,* 82 Cal. 454, [22 Pac. 1113]; *Powelson* v. *Lockwood,* 82 Cal. 613, [23 Pac. 143].)

Both in criminal cases not amounting to felony, and in civil actions, the right of trial by jury may be waived. (Const., art. I, sec. 7.) In *Ex parte Miller,* 82 Cal. 454, [22 Pac. 1113], in denying a writ of *habeas corpus,* the court said: "If a jury trial was denied, it was a mere error which could not be reached by *habeas corpus*"; and in *Powelson* v. *Lockwood, supra,* it was held that in refusing a jury to defendant charged with misdemeanor a justice court did not exceed its jurisdiction, but at most only committed error, for

which reason the justice court could not be prohibited from proceeding to try the action. In *Whitman* v. *Police Court etc.*, 145 Cal. 474, [78 Pac. 1052], it was said: "This court has held in two well-considered cases that the denial of a jury altogether in a misdemeanor case was but an error of law, and that the justice's court did not in such denial exceed its jurisdiction," and cited the two cases above referred to in support thereof. So, also, in *Ex parte Fife*, 110 Cal. 8, [42 Pac. 299], the court said: "A jury may be waived in any civil case, and it is not contended by anyone that the refusal of a demand for a jury in a civil case affects the jurisdiction, or is anything more than error; and, as a jury may, under the Constitution, be waived 'in all criminal cases not amounting to felony,' a jury is not a necessary constituent part of a court for the trial of a misdemeanor, and the refusal of the court to allow a jury on such a trial is mere error." In this case the court held that the court clearly erred in refusing the jury, but determined that it was error only, and did not go to the jurisdiction of the court to try the case without a jury.

So in the case at bar the court had jurisdiction of the parties and of the subject matter of the action, and its refusal of petitioner's demand for a jury was at most mere error which did not go to its jurisdiction.

The petition is denied.

Cooper, P. J., and Kerrigan, J., concurred.