[Civ. No. 2675.   Second Appellate District, Division One.—June 10, 1919.]

# W. W. DICKERSON, Petitioner, v. THE SUPERIOR COURT OF IMPERIAL COUNTY et al., Respondents.

[1] JURIES AND JURORS—SETTING ASIDE VERDICT—ERRONEOUS CONCLUSION AS TO NATURE OF ACTION—REMEDY OF PARTY AGGRIEVED.— If, upon the assumption that an action to recover possession of a tract of land is one of law, the court submits the case to a jury and thereafter, upon the rendition of the verdict, concludes the issues are of an equitable character and repudiates the verdict, such ruling is mere error committed in the course of the trial, and not in excess of jurisdiction. The party feeling aggrieved thereby has a plain, speedy, and adequate remedy in the ordinary course of law by an appeal from the judgment rendered.

[2] ID.—FINANCIAL ABILITY OF DEFENDANT—ADEQUACY OF REMEDY.— The fact that the defendant, the party feeling aggrieved, is unable, by reason of his financial condition, to comply with the statute by giving an undertaking entitling him to retain possession of the property is wholly immaterial and does not affect the question as to the adequacy of the remedy afforded by an appeal.

PETITION for a Writ of Prohibition to review the action of the Superior Court of Imperial County and Franklin J. Cole, Judge thereof, in repudiating the verdict of a jury. Proceeding dismissed.

The facts are stated in the opinion of the court.

B. D. Noel for Petitioner.

Frank Thunen for Respondents.

SHAW, J.—Prohibition. The question involved is whether the alternative writ heretofore issued should be made peremptory or the proceeding therefor be dismissed.

The petition for the writ is founded upon facts as follows: The Southern Pacific Land Company instituted an action against petitioner in the superior court of Imperial County to recover possession of a tract of land occupied by petitioner, together with damages for the retention thereof, and to quiet its title thereto. The rights of the plaintiff, as asserted in the complaint, were put in issue by an answer filed by petitioner, and the case was submitted to a jury called for the trial thereof. The jury brought in a verdict for defendant. Thereupon plaintiff, waiving all claim to damages for defendant's withholding possession of the property, immediately moved the court to set aside the verdict and, as to title to the property and right of possession thereof, render judgment in favor of plaintiff. This motion was granted, followed by findings made by the court upon which judgment was entered, from which defendant appealed. To this petition the respondents have interposed a general demurrer.

The court had jurisdiction of both the subject of the action and the parties thereto; and petitioner, while claiming that he was rightfully entitled to a trial by jury, concedes that if the court in the first instance had denied him such right, the ruling would have been mere error to be corrected on appeal. (*Powelson* v. *Lockwood*, 82 Cal. 613, [23 Pac. 143].) He insists, however, that the action of the court in setting aside the verdict rendered, presents a different case, and one wherein the court's action was in excess of its jurisdiction; that it could only act in the mat-

ter upon motion made for a new trial. We are unable to perceive the distinction suggested. In each case the ruling would constitute error in the course of the trial. [1] If, upon the assumption that an action is one of law, the court submits the case to a jury and thereafter, upon the rendition of a verdict, concludes the issues are of an equitable character and repudiates the verdict, such ruling, like the denial of a jury trial to one entitled thereto, is mere error committed in the course of the trial, and not in excess of jurisdiction. As said in *Clark* v. *Superior Court*, 55 Cal. 199: "If, after acquiring jurisdiction of the parties and subject matter of an action, a superior court should order judgment in favor of one of the parties without a trial, that judgment would neither be without nor in excess of the jurisdiction of such tribunal, although it might be erroneous."

Moreover, conceding petitioner's claim that the court acted without jurisdiction, we are clearly of the opinion that he had a plain, speedy, and adequate remedy in the ordinary course of law by an appeal from the judgment rendered, which is a sufficient answer to the application made. By the taking of an appeal and the giving of a sufficient undertaking, not only would he be accorded redress for any errors committed by the court in the trial of the case which resulted in the adverse judgment, but likewise protected in his right to the possession of the property pending the final determination of the case.

[2] That petitioner is unable, by reason of his financial condition, to comply with the statute by giving an undertaking entitling him to retain possession of the property, if true, is wholly immaterial, and does not affect the question as to adequacy of the remedy afforded by an appeal.

The proceeding is dismissed.

Conrey, P. J., and James, J., concurred.