[Civ. No. 5776.  First Appellate District, Division One.—March 11, 1927.]

## H. T. BOOTH, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

[1] CERTIORARI—REVIEW OF ORDER PLACING CAUSE ON JURY CALENDAR—JURISDICTION.—Where defendant failed to appear in response to plaintiff's notice of motion to set the cause for trial, but subsequently, on notice to plaintiff, moved for an order placing the cause upon the jury calendar, the trial court having jurisdiction of the parties and the subject of the action did not exceed its jurisdiction by granting such motion, and a writ of *certiorari* to review the order, under section 1068 of the Code of Civil Procedure, will be denied.

[2] ID.—JUDGMENTS—APPEAL.—An order placing a cause on the jury calendar, being one which could be reviewed on appeal from the final judgment in the action, under section 956 of the Code of Civil Procedure, is not reviewable by *certiorari* under section 1068 of that code.

(1) 11 **C. J.**, p. 100, n. 77.    (2) 11 **C. J.**, p. 113, n. 78.

PROCEEDING in Certiorari to review an order of the Superior Court of the City and County of San Francisco placing a cause on the jury calendar.  Edmund P. Mogan, Judge.  Writ denied.

The facts are stated in the opinion of the court.

Byrne & Lamson for Petitioner.

James E. Colston for Respondent.

CASHIN, J.—A proceeding in *certiorari* to review an order of the Superior Court of the City and County of San Francisco directing that an action pending therein be tried by a jury.

1.  Questions reviewable upon *certiorari*, note, 40 **Am. St. Rep.** 29.  See, also, 4 **Cal. Jur.** 1036; 5 **R. C. L.** 261.  When *certiorari* issues and what reviewable upon it, note, 12 **Am. Dec.** 531.

2.  See 4 **Cal. Jur.** 1052; 5 **R. C. L.** 256.

The action in the Superior Court was brought by petitioner to recover on several assigned claims for money had and received. The defendant therein answered, whereupon petitioner served a notice of motion to set the case for trial. The defendant failed to appear in response to the notice, and the cause was by order of the court placed on the trial calendar and a day fixed for the trial. Subsequently the defendant, upon notice to petitioner, moved the court for an order placing the cause upon the jury calendar for trial, which motion was granted.

Petitioner contends that the defendant, by failing to demand a jury at the time the cause was first placed on the trial calendar, waived his right thereto, and that in making its order therefor the court exceeded its jurisdiction.

A writ of review may be granted when an inferior tribunal has exceeded its jurisdiction and there is no appeal nor, in the judgment of the court, any plain, speedy, and adequate remedy (Code Civ. Proc., sec. 1068).

[1] In the instant case the trial court had jurisdiction both of the parties and the subject of the action, and the order in question, as in the case of a denial of a jury trial where a jury might be waived, was an exercise of such jurisdiction (*Wittman* v. *Police Court,* 145 Cal. 474 [78 Pac. 1052]; *Goodman* v. *Superior Court,* 8 Cal. App. 232 [96 Pac. 395]). [2] Moreover, the order was one which may be reviewed on appeal from the final judgment in the action (Code Civ. Proc., sec. 956; *Dickerson* v. *Superior Court,* 41 Cal. App. 534 [183 Pac. 235]), and the petitioner, if aggrieved, will thus be afforded a plain, speedy, and adequate remedy.

The petition is denied.

Tyler, P. J., and Knight, J., concurred.