[S. F. No. 14271. In Bank.—September 26, 1931.]

J. C. NESSBIT, Petitioner, v. THE SUPERIOR COURT OF ALAMEDA COUNTY et al., Respondents.

F. W. Sawyer and L. Seidenberg for Petitioner.

Earl Warren, District Attorney, James H. Oakley, Deputy District Attorney, Fitzgerald, Abbott & Beardsley, John L. McVey and W. E. Rode for Respondents.

SEAWELL, J.—Petitioner invokes the aid of the writ of *mandamus* to compel the judge presiding in the department of the Superior Court of the County of Alameda in which a proceeding is pending wherein petitioner and approxi-

mately 100 other shareholders of the capital stock issued by the Automatic Electrical Machine Company, Inc., a foreign corporation, are joined as plaintiffs and Victory A. Derrick, C. Z. Sutton, E. Anderson, P. K. Sydes, A. T. Dowse, E. Ebeling and W. C. Hollingsworth, stockholders and members of the board of directors of said corporation, are named as defendants, to comply with the demand of petitioner for a trial by jury of said proceeding, which demand was denied by the judge of said court on the ground that the proceeding was one of equitable cognizance and petitioner was not entitled to a jury trial as a matter of right.

From the allegations of the amended complaint in said proceeding, which is set out in full in the petition herein, it appears that between March 1, 1927, and April 27, 1927, the Automatic Electrical Machine Company, Inc., was a foreign corporation organized under the laws of the state of Delaware, and authorized to do business in the state of California, with an authorized capital of 500,000 shares of the par value of $1.00 each; that the aggregate shares owned by said plaintiffs was 45,000, for which the par value of $1.00 was paid into the funds and assets of said corporation; that with said sum of $45,000 paid into the treasury of said corporation as aforesaid, and with additional sums of money belonging to said corporation, it purchased real property, buildings, plant, stock, machinery, equipment, patents and patent rights, all of the reasonable market value of $300,000. The purchase price, it is alleged, was paid with the money of the stockholders of said corporation, and was owned and possessed by said corporation for the use and benefit of its stockholders. It is then alleged that said named directors, upon and after the acquisition of said assets and property by said corporation, conspired to acquire for themselves all of the assets and property of said corporation, thereby materially reducing, if not entirely destroying the market value of said shares of stock owned by said petitioners, with the ultimate purpose of bringing about the dissolution of said corporation. The plan of the conspiracy, as outlined by the amended complaint, was that said directors of said corporation caused and made it to appear in the records of said corporation that it was indebted to one George H. Derrick, the husband of said Victory A. Derrick, and several other apparent creditors named specifically in the amended com-

plaint, in the aggregate sum of $107,526.97, together with interest amounting to $3,769.94,

Promissory notes of said corporation evidencing said indebtedness were signed by either Victory A. Derrick or her husband, who seems latterly to have succeeded her as president of the board of directors, and by the secretary of said corporation, and delivered to said apparent creditors. Following the allegations of the complaint, all of said promissory notes, except the one in the sum of $49,136.70, in which Victory A. Derrick is the payee, were assigned to her. In each instance except one, the allegation in this respect is "said defendant officers and directors obtained an assignment of said note to the defendant, Victory A. Derrick". The exception has to do with an open book account with the Insto Products Company, in which case the allegation is that "said officers and directors obtained an assignment of said *alleged* indebtedness to the defendant, Victory A. Derrick". (Italics ours.)

As another step in the plan, "in furtherance of and for the sole purpose of carrying out said conspiracy, said defendant officers and directors of said Automatic Electrical Machine Company caused said defendant Victory A. Derrick to, and she did, commence said action against said Automatic Electrical Machine Company on all of said notes and accounts alleged herein by filing in the superior court of the state of California, in and for the county of Alameda, as plaintiff therein named against said Automatic Electrical Machine Company, and the above named plaintiffs as stockholders thereof, wherein said plaintiff therein and defendant herein, said Victory A. Derrick, demanded judgment in the aggregate sum of $107,526.97, together with interest and costs against said Automatic Electrical Machine Company and these plaintiffs as stockholders thereof".

Observing the sequence of the allegations of the amended complaint, it is next alleged in furtherance of said conspiracy and for the sole purpose of executing it, said officers and directors of said corporation, on July 24, 1927, caused said corporation to appear and file in said action a general denial, special denial having been waived by the respective attorneys of said parties to the action; that said defendant officers and directors caused the attorneys for the respective parties in said action to file a stipulation setting the action

for trial on or about September 7, 1928, and the judgment on that day was signed by the judge of said court in favor of said Victory A. Derrick, in the sum of $107,526.97, principal, and $3,769.94, interest, and $13 as costs, and on said day judgment was entered of record, which judgment was dated August 20, 1928. (No point is made by petitioners as to the date August 20, 1928, and it is likely that it was a clerical error, as no significance is given to it as a specific fraudulent act.) Continuing, it is alleged that said officers and directors caused a special meeting of the board of directors of said Automatic Electrical Machine Company to be called for October 3, 1928, at which meeting said directors made it to appear in and upon the record books of said meeting that defendant C. Z. Sutton had offered to assume, pay or discharge all of the outstanding indebtedness against said corporation, including said judgment, in consideration of the sale and assignment of all the business, assets and property of said corporation as a whole to said Sutton, and said officers and directors at said meeting voted to accept said offer; that said directors had called a special meeting of the stockholders of said corporation to convene on the same day, October 3, 1928, to consider said proposal. At said meeting it was represented by said officers to said stockholders that there was an existing, unpaid and outstanding indebtedness of more than $120,000 against said corporation, including said judgment, all of which entailed a stockholder's liability; that said board of directors then and there informed said stockholders that said board had accepted the proposal of C. Z. Sutton and unless said stockholders should by vote accept said offer and release all claims to the assets and property of said corporation, they would be personally liable for said corporation indebtedness; that a vote was taken at said meeting and it was made to appear upon the records of said meeting by the defendant officers that said offer of said C. Z. Sutton was accepted by a two-thirds vote of all stock of said Automatic Electrical Machine Company; that thereupon, and in accordance with the action of said board of directors and stockholders, all of the business, assets and property of said corporation as a whole, of the alleged reasonable value of $300,000, were conveyed and transferred to defendant C. Z. Sutton, thereby depriving said corporation and all of its stockholders of anything of value, and said

stock owned by plaintiff became valueless and continues to remain of no market value whatsoever; that in an attempt to make it impossible for said stockholders to realize any value on said stock or to obtain or recover said business assets or property, said defendant officers and directors of said corporation incorporated said business, assets and property into another corporation known and named the Insto Recordograph Company (a defendant in said action), and said directors at all times since and now are conducting said business, assets and property under said last corporate name to the exclusion of plaintiff stockholders; that in furtherance of said conspiracy said defendant officers and directors caused a special meeting of the stockholders of said Automatic Electrical Machine Company to be held April 27, 1929, whereat it was made to appear upon the meeting records that by a majority vote of said stockholders it should be dissolved as a corporation, and thereafter said officers and directors took such steps as eventuated in the dissolution of said corporation.

Petitioner alleges on information and belief that all of the foregoing acts were done and committed by said directors in furtherance of a conspiracy in violation of the trust reposed in said directors; that the "representations and statements made by said defendant officers and directors herein, and the records and books and entries therein, including the indebtedness of said Automatic Electrical Machine Company, were simulated, false and untrue, and entirely fictitious"; that said special meetings of said directors and stockholders were not legally called or held, and said vote was not legally taken or recorded; that at said stockholders' meeting said officers and directors voted and counted proxies that did not exist with the intent and purpose of defrauding and damaging plaintiffs and all other stockholders likewise interested, to their damage in the sum of $45,000.

It is also alleged that at the time said directors caused said corporation to be dissolved, to wit, April 27, 1929, the laws of Delaware provided and have at all times since provided that said corporation shall continue for a period of three years after said dissolution for the purpose of liquidating its business and affairs, and during said period said officers and directors were the managing and liquidating officers, and by reason of their fraudulent acts they were and are dis-

qualified to bring this action on behalf of said corporation and there is no person or officer of said corporation upon whom any demand to commence the action or proceeding upon said claim on behalf of said corporation or plaintiffs could be made; that by reason of the fraudulent purpose and designs of said officers and directors, it would be useless to make a demand upon them for any relief in the premises.

We have set out the substance of said amended complaint, adopting much of the phraseology of the pleader, as illustrative of the equitable features of the action. That it savors upon casual inspection strongly of an equitable proceeding in its very genesis, as' well as in its ramifying branches, is a circumstance which cannot be lightly ignored.

The amended complaint filed in the Superior Court, which petitioner relies upon as furnishing the basis of the writ of *mandamus*, omits to allege either the place of residence of the defendants or plaintiffs, or any of them, or the jurisdiction in which the alleged fraudulent acts were committed, or the state or the place in which the directors of said Delaware corporation or the stockholders thereof held said meetings in which the acts complained of were committed.

The only reference to jurisdiction in any respect is contained in the allegations that the action brought by Victory A. Derrick to recover a judgment against the corporation and the action brought against the defendant directors were filed in the Superior Court of the County of Alameda. A demurrer, both general and special, directed to the sufficiency of the amended complaint, was overruled, and we are not disposed to go into the merits of the trial court's rulings on questions of law upon demurrer in this proceeding. To do so would be to advance the pending action ahead of others which are given precedence over actions of this class by statute. It may be finally held, and what is here said is merely by way of illustration, that the amended complaint fails to state a cause of action, and inasmuch as it constitutes the foundation of the demand for a trial by jury, it would follow that if no case is stated there would be, in the final analysis, nothing which a jury could have decided. But if that be so, it would amount only to a judicial error. Every case holds such a potentiality. No question of jurisdiction is thereby presented, nor do the facts present such a case as confers upon petitioners the right "to compel the

performance of an act which the law specially enjoins as a duty resulting from an office, trust or station'', as provided by section 1085 of the Code of Civil Procedure. Said error differs not at all in its consequences from any other reversible error which may arise in the trial of any cause. It is the duty and desire of all courts to decide rightly, but it is not the office of the extraordinary writ to direct a decision or ruling in cases wherein reasonable minds may differ as to a proper conclusion or judgment. Certainly it cannot be contended in reason that petitioner's claim of the right of trial by jury is so free from doubt that it *ipso facto* takes from the trial court all discretion in the premises.

This court and the District Court of Appeal have squarely held in numerous civil and criminal actions and proceedings not amounting to a felony that mandate is not the proper remedy to test the right to a jury trial. That is a question of law which the superior court has jurisdiction to hear and determine, and if error has been or shall be committed in determining that question, the petitioner has a sufficient remedy in the ordinary course of law by appeal. (*Donohue* v. *Superior Court*, 93 Cal. 252 [28 Pac. 1043].)

In *Mechler* v. *Superior Court*, 85 Cal. App. 353 [259 Pac. 452, 453], an application for writ of mandate was answered by the following language: ''The question as to whether or not the parties to an action are entitled to a trial by jury is a question of law which the trial court has jurisdiction to hear and determine, for error in the determination of which the party aggrieved has a sufficient remedy by appeal, and a writ of mandate will not be issued to compel the trial court to grant a jury trial. ·(*Donohue* v. *Superior Court, supra; Widney* v. *Superior Court*, 84 Cal. App. 498 [258 Pac. 416].) A party does not waive a right to a trial by jury by going to trial without one after objection, as the question can be reviewed upon a direct appeal from the judgment.''

A very direct and practical disposition of the question was made in the case of *Amos* v. *Superior Court*, 196 Cal. 677 [239 Pac. 317, 318], wherein it was said: ''It follows that the presence of a lawful jury is not essential to jurisdiction of the subject matter of a civil action at law, even though the parties thereto may have a constitutional right to a trial thereof before a jury. . . . The writ of prohibition is not a

writ of error and we are not disposed to use it as such. The respondent court having jurisdiction of both the parties and the subject matter may commit error in the exercise of such jurisdiction and the appropriate remedy for the correction thereof is an appeal. This court is not disposed to encourage the practice of resorting to appellate courts for original writs for the purpose of what amounts to a *pro tanto* review upon appeal before the cause has proceeded to final judgment in the trial court. Assuming, without deciding, that it may be reversible error for the trial court to deny plaintiff's challenge and overrule their objections, nevertheless it may happen that the verdict and judgment when rendered will be entirely satisfactory to petitioners, in which event there will be no occasion to review this ruling.'' (See other cases to the same effect: *Ex parte Miller,* 82 Cal. 454 [22 Pac. 1113]; *In re Fife,* 110 Cal. 8 [42 Pac. 299]; *Goodman* v. *Superior Court,* 8 Cal. App. 232 [96 Pac. 395]; *Powelson* v. *Lockwood,* 82 Cal. 613 [23 Pac. 143].)

Petitioner has devoted a great deal of time and space in elaborate written argument and citation of cases in an effort to demonstrate the right of the stockholders to maintain an individual or personal action against the directors of said corporation. If this may be done, it is argued, the action is one at law and the right to a jury trial is guaranteed to petitioner. On the other hand, it is admitted that if the action can only be maintained as a stockholders' representative suit, then it is an equitable proceeding and it was not error to deny petitioner a jury trial. Petitioner has been at great pains to state, adhering to his theory, a cause at law, but whether he has done so must be determined from the nature of the relief he seeks, or which should be granted by the court, considering the rights of others who have an interest in the subject matter of the action. However guarded complaints or bills in equity may be drawn to accord with the purpose of the pleader, courts, nevertheless, will look through forms in an effort to discern substance. Whether the action commenced in the Superior Court of the County of Alameda, in which the corporation is not made a party, and which is framed on the theory that a number of stockholders, without regard to the interests of the others, may obtain an individual judgment against the directors of the corporation and, forsooth, apply moneys derived from its misappropriated

assets in satisfaction of said personal judgments to the detriment of the corporation and the other stockholders who have not been made parties to the action, and also to the detriment of the creditors, whether within or without the jurisdiction in which the foreign corporation exists, is maintainable as an action at law for the sole benefit of said stockholders who are not affected or damaged differently or in a greater degree than all the stockholders in common, or whether the transaction, however brought, is one upon which equity will lay its hand in the interest of an equitable distribution of whatever assets may be recouped, are questions which are not properly before the court upon this hearing, and, therefore, whether the court was right or wrong in classifying the action as one in equity and not at law, would merely constitute error which would be disposed of upon an appeal, if taken, as other assignments of error are considered and disposed of.

It is true that the writ of mandate is to be indulged in all cases in which there is no plain, speedy or adequate remedy in the ordinary course of the law. This court has frequently exercised this power in cases in which matters of great public interest are involved and in cases in which great and irreparable injury would result if the case was relegated to the ordinary course provided by law. But this is not such a case and there is ample authority in which the specific question here presented was considered which holds against the contention that the writ of mandate is an appropriate remedy for the correction of the alleged error complained of herein.

As to what effect, if any, section 309 of the Civil Code, before its repeal, may have had upon the merits of the case, is not important to a determination of the question as to plaintiff's right to a jury trial.

The general demurrer to the petition is sustained, and the alternative writ should be discharged. It is so ordered.

Richards, J., Langdon, J., Preston, J., Shenk, J., Curtis, J., and Waste, C. J., concurred.

Rehearing denied.