Filed 4/10/17

# IN THE SUPREME COURT OF CALIFORNIA

DEBORAH SHAW,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Petitioner,　　　　　　　)
　　　　　　　　　　　　　　　　　　)　　　　　　　S221530
　　　　　　v.　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)　　　　Ct.App. 2/3 B254958
THE SUPERIOR COURT OF　　　　　)
LOS ANGELES COUNTY,　　　　　　)
　　　　　　　　　　　　　　　　　　)　　　　　Los Angeles County
　　　　　　Respondent;　　　　　　　)　　　Super. Ct. No. BC493928
　　　　　　　　　　　　　　　　　　)
THC—ORANGE COUNTY, INC., et al.,　)
　　　　　　Real Parties in Interest.　　)
_____)

　　　　This case presents two issues: (1) Is a trial court ruling denying a request for a jury trial in a civil action subject to review prior to trial by a petition for an extraordinary writ or may such a ruling be reviewed only by appeal after trial? and (2) Is there a right to a jury trial in a health care facility whistleblower action for retaliatory termination brought pursuant to Health and Safety Code section 1278.5, subdivision (g), as amended in 2007?

　　　　For the reasons explained below, we conclude (1) that a trial court ruling denying a request for a jury trial in a civil action is reviewable prior to trial by a petition for an extraordinary writ, and (2) that there is no statutory right to a jury trial in a cause of action for retaliatory termination under the statutorily created civil action authorized under Health and Safety Code section 1278.5, subdivision (g) inasmuch as the language and legislative history of that statute

1

demonstrate that the Legislature intended that the remedies available in such an action would be determined by the court rather than by a jury. The absence of a jury trial in a retaliatory termination action under Health and Safety Code section 1278.5, subdivision (g) does not deprive a plaintiff of a right to a jury trial, however, because Health and Safety Code section 1278.5, subdivision (m) fully preserves a plaintiff's right to obtain a jury trial in the related tort cause of action for wrongful termination in violation of public policy authorized under *Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167 (*Tameny*).

## I. FACTS AND LOWER COURT PROCEEDINGS

Petitioner Deborah Shaw (hereafter plaintiff) filed the underlying lawsuit against her former employers — Kindred Hospital and related entities (hereafter defendants)[1] — based on the claim that she was unlawfully terminated from employment. Plaintiff's first amended complaint (the operative filing) alleged that during her employment plaintiff complained to defendants about several aspects of defendants' operations that adversely affected the quality of care and services provided to patients. In particular, plaintiff allegedly complained that defendants were employing health care professionals who were not licensed and/or certified or "who had not properly completed their competencies." Plaintiff asserted that in retaliation for her complaints, defendants took adverse employment actions against her, ultimately culminating in her termination.

---

[1] The named defendants are: THC—Orange County, Inc., doing business as Kindred Hospital—Los Angeles; Kindred Healthcare Operating, Inc.; Kindred Hospitals West, LLC; and Kindred Healthcare, Inc.

On the basis of these allegations, the complaint set forth two causes of action, one based on Health and Safety Code section 1278.5, subdivision (g)[2] and one based on wrongful termination in violation of public policy pursuant to this court's decision in *Tameny*, *supra*, 27 Cal.3d 167.  With respect to the cause of action for wrongful termination in violation of public policy (the *Tameny* action), the trial court concluded that plaintiff was entitled to a jury trial on that cause of action; neither party has challenged that ruling.  The only substantive issue before us in this proceeding concerns whether there is a right to a jury trial as to plaintiff's other cause of action, the cause of action authorized by section 1278.5, subdivision (g) (hereafter generally referred to as section 1278.5(g)).

With respect to the cause of action under section 1278.5(g), the complaint alleged that as a result of defendants' violation of section 1278.5 plaintiff "has and will continue to suffer past and future monetary [losses], loss of benefits, emotional distress, and physical injury," and sought all of the following as a remedy: (1) "compensatory and emotional distress damages;" (2) "lost salary, both front and back pay, bonuses, benefits and any other benefits to which Plaintiff would have been entitled . . . by reason of Plaintiff's employment with Defendants;" (3) "[p]unitive and exemplary damages;" (4) "prejudgment interest;" (5) "attorneys' fees pursuant to Health and Safety Code § 1278.5 and civil penalties allowed thereunder;" (6) "costs of suit incurred herein;" and (7) "such other and further relief as the Court deems just and proper."

---

[2]    Unless otherwise indicated, subsequent statutory references are to the Health and Safety Code.

3

Defendants filed an answer to the first amended complaint, generally denying the allegations of the complaint and asserting a variety of affirmative defenses, and the case ultimately was set for trial.[3]

Prior to trial, the trial court requested briefing on the issue whether plaintiff was entitled to a jury trial on the cause of action under section 1278.5(g) and held a separate hearing on that issue. At the conclusion of the hearing, the trial court ruled that section 1278.5(g) is properly interpreted as an equitable claim with equitable remedies to be determined by the court and therefore held that plaintiff was not entitled to a jury trial on the cause of action based on that statute. The court stated that it "would hear this matter concurrent with the evidence presented at the jury trial [on the wrongful termination in violation of public policy cause of action], but would not otherwise instruct the jury on anything related to the separate whistleblower claim."

At the same time, recognizing the novelty of the section 1278.5(g) jury trial issue, the trial court invited plaintiff's counsel to consider filing a petition for writ of mandate concerning the matter, and stated that it was prepared to certify, pursuant to the provisions of Code of Civil Procedure section 166.1, that it believed that "there is a controlling question of law as to which there are substantial grounds for difference of opinion, appellate resolution of which may materially advance the conclusion of the litigation."[4] After plaintiff's counsel

---

**3** Although neither the complaint nor the answer discloses plaintiff's employment position, defendants' return to the petition for writ of mandate filed in the Court of Appeal states that plaintiff was employed as a human resources coordinator. Plaintiff's subsequent filings in the Court of Appeal and this court do not question that factual statement.

**4** Section 166.1 of the Code of Civil Procedure provides in relevant part: "Upon the written request of any party or his or her counsel, or at the judge's

*(footnote continued on next page)*

4

indicated a desire to file a writ petition, the trial court stayed the effective date of its ruling for five days and certified the matter pursuant to Code of Civil Procedure section 166.1.

Plaintiff then filed a petition for writ of mandate in the Court of Appeal, challenging the trial court's denial of a jury trial on the section 1278.5(g) cause of action. The Court of Appeal issued an order to show cause and stayed the lower court proceedings in the underlying action pending resolution of the writ matter. In their return, defendants maintained that the writ should be denied on two separate grounds: (1) that a trial court order denying a jury trial is not reviewable prior to trial by extraordinary writ but may be reviewed only by appeal after trial, and (2) that, in any event, the trial court properly concluded there is no right to a jury trial in a cause of action under section 1278.5(g).

After briefing and argument, the Court of Appeal ruled in plaintiff's favor, concluding, first, that a trial court's denial of a jury trial is reviewable prior to trial by a petition for an extraordinary writ, and, second, that the trial court erred in determining that there is no right to a jury trial in an action based on section 1278.5(g).

We granted review to consider both issues. We turn first to the threshold procedural question: Is a trial court ruling denying a request for a jury trial reviewable prior to trial by a petition for an extraordinary writ?

---

*(footnote continued from previous page)*

discretion, a judge may indicate in any interlocutory order a belief that there is a controlling question of law as to which there are substantial grounds for difference of opinion, appellate resolution of which may materially advance the conclusion of the litigation."

5

## II. Is a Trial Court's Denial of a Request for Jury Trial Subject to Review Prior to Trial by a Petition for Extraordinary Writ?

In a series of early California Supreme Court cases culminating in the 1931 decision in *Nessbit v. Superior Court* (1931) 214 Cal. 1 (*Nessbit*), this court held that a trial court order denying a request for a jury trial was not subject to review prior to trial by extraordinary writ but rather could be reviewed only after the trial had been completed by appeal of the ultimate judgment. The decision was based on the general principle that review by extraordinary writ is available only when the trial court has acted in excess of or lacks jurisdiction. In summarizing the rationale of the preceding line of cases on which it relied, the court in *Nessbit* stated that the determination whether a right to a jury trial exists in a particular case "is a question of law which the superior court has jurisdiction to hear and determine, and if error has been or shall be committed in determining that question, the petitioner has a sufficient remedy in the ordinary course of law by appeal." (*Id.* at p. 7.) Under such circumstances, where the trial court that ruled on the jury trial question possessed what is now generally described as *fundamental jurisdiction* over the parties and the subject matter of the litigation, the court in *Nessbit* concluded that review by extraordinary writ was not available. (*Id.* at pp. 7-9; see also *Amos v. Superior Court* (1925) 196 Cal. 677, 681 ["[T]he presence of a lawful jury is not essential to jurisdiction of the subject matter of a civil action at law, even though the parties thereto may have a constitutional right to a trial thereof before a jury. . . . The writ of prohibition is not a writ of error and we are not disposed to use it as such. The respondent court having jurisdiction of both the parties and the subject matter may commit error in the exercise of such jurisdiction and the appropriate remedy for the correction thereof is an appeal."]; *Donohue v. Superior Court* (1892) 93 Cal. 252, 253 [same]; *Powelson v. Lockwood* (1890) 82 Cal. 613, 614-615 [same].)

6

Subsequent to *Nessbit, supra*, 214 Cal. 1, however, in *Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280 (*Abelleira*), this court, after observing that the term "jurisdiction" is notoriously ambiguous and has different meanings in different situations (*id.* at pp. 286-287), explained that, *for purposes of determining when review of a trial court ruling by extraordinary writ* is permissible (as an alternative to review of the ruling on appeal), the term " 'lack of jurisdiction' " must properly be understood as having a different meaning from a *fundamental* lack of jurisdiction over the subject matter of the litigation or the parties (*id.* at p. 288). The court in *Abelleira* stated in this regard: "[I]n its ordinary usage [with regard to authorizing review of a trial court ruling by extraordinary writ] the phrase 'lack of jurisdiction' is not limited to these fundamental situations. For the purpose of determining the right to review [by extraordinary writ] . . . , a much broader meaning is recognized. Here it may be applied to a case where, though the court has jurisdiction over the subject matter and the parties in the fundamental sense, it has no 'jurisdiction' (or power) to act except in a particular manner, or to give certain kinds of relief, or to act without the occurrence of certain procedural prerequisites." (*Ibid.*) The *Abelleira* court thereafter summarized its conclusion on this point: "Speaking generally, any acts which exceed the defined power of a court in any instance, whether that power be defined by constitutional provision, express statutory declaration, or rules developed by the courts and followed under the doctrine of *stare decisis*, are in excess of jurisdiction, in so far as that term is used to indicate that those acts may be restrained by prohibition or annulled [by extraordinary writ]." (*Id.* at p. 291; see generally 2 Witkin, Cal. Procedure (5th ed. 2008) Jurisdiction, § 285, p. 891.)

Over the many years since *Abelleira, supra*, 17 Cal.2d 280, California appellate decisions have uniformly permitted a trial court denial of a request for jury trial to be reviewed prior to trial by a petition for writ of mandate or

7

prohibition.  For example, in *Byram v. Superior Court* (1977) 74 Cal.App.3d 648, 654, the Court of Appeal held: "A writ of mandate is a proper remedy to secure the right to a jury trial. . . .  [E]ven if [the complaining party] could [obtain] . . . reversal of the judgment [after a bench trial], such a procedure would be inefficient and time consuming."  (See also, e.g., *Interactive Multimedia Artists, Inc. v. Superior Court* (1998) 62 Cal.App.4th 1546, 1550; *Turlock Golf etc. Club v. Superior Court* (1966) 240 Cal.App.2d 693, 695; *Knight v. Superior Court* (1950) 95 Cal.App.2d 838, 839-840.)[5]  Similarly, in recent years our own court has on a number of occasions reviewed the validity of a trial court ruling denying a jury trial by means of a pretrial extraordinary writ proceeding.  (See *Grafton Partners L.P. v. Superior Court* (2005) 36 Cal.4th 944, 950 (*Grafton Partners*); *Crouchman v. Superior Court* (1988) 45 Cal.3d 1167, 1170-1171 (*Crouchman*).)  In neither *Grafton Partners* nor *Crouchman* did any party question the propriety of review by extraordinary writ and those decisions did not discuss this procedural point.

Although California decisions after *Abelleira*, *supra*, 17 Cal.2d 280, have uniformly permitted a trial court's denial of a request for a jury trial to be reviewed pretrial by a petition for extraordinary writ, this court has not previously been explicitly called upon to address the continued vitality of the line of early California decisions culminating in *Nessbit*, *supra*, 214 Cal. 1 — decisions, which as we have seen, set forth a contrary rule.  This case requires us directly to confront that question.

---

[5]     As the quoted passage in *Byram* indicates, these cases conclude that in this context the potential remedy by appeal is not an adequate remedy.

As explained above, under *Abelleira* "any acts that exceed the defined power of a court" as prescribed by the Constitution, a statutory provision, or controlling judicial decision are properly considered to be "in excess of jurisdiction" for purposes of review by extraordinary writ. (*Abelleira*, *supra*, 17 Cal.2d at p. 291.) When the state Constitution or an applicable statute affords a party a right to a jury trial in a civil action, a trial court has no power or authority to deny a request for a jury, and therefore, under *Abelleira*, a trial court's denial of a request for jury trial may be reviewed prior to trial by a petition for an extraordinary writ. (See generally 2 Witkin, Cal. Procedure, *supra*, Jurisdiction, § 306, pp. 917-918 [citing cases]; 7 Witkin, Cal. Procedure, *supra*, Trial, § 82, p. 108 [citing cases].)[6] Because the holdings in the line of early California Supreme Court decisions culminating in *Nessbit* rest on an understanding of a lack or excess of jurisdiction in the extraordinary writ context that is incompatible with this court's later, controlling decision in *Abelleira* (see *Knight v. Superior Court*, *supra*, 95 Cal.App.2d 838, 839-840), *Nessbit v. Superior Court*, *supra*, 214 Cal. 1 and the preceding line of similar California Supreme Court decisions set forth, *ante*, are overruled on this point.[7]

---

[6]     In *Franchise Tax Bd. v. Superior Court* (2011) 51 Cal.4th 1006, 1009 (*Franchise Tax Bd.*), our court reviewed, by pretrial writ, a trial court order that *granted* a jury trial. As in *Grafton Partners*, *supra*, 36 Cal.4th 944, and *Crouchman*, *supra*, 45 Cal.3d 1167, no party in *Franchise Tax Bd.* questioned the propriety of pretrial writ relief. Because the trial court order at issue in the present case denied a request for jury, we have no occasion to address the availability of pretrial writ review when it is claimed that a trial court has erroneously granted a request for jury trial.

[7]     Thus, the decisions in *Amos v. Superior Court*, *supra*, 196 Cal. 677, *Donohue v. Superior Court*, *supra*, 93 Cal. 252, and *Powelson v. Lockwood*, *supra*, 82 Cal. 613, as well as *Nessbit*, are overruled to the extent they are inconsistent with this opinion.

9

Accordingly, because the right to jury trial issue is properly before us, we proceed to determine whether the trial court correctly denied plaintiff's request for a jury trial in this case.

### III. IS THERE A RIGHT TO A JURY TRIAL IN A CIVIL CAUSE OF ACTION FOR RETALIATORY TERMINATION UNDER HEALTH AND SAFETY CODE SECTION 1278.5, SUBDIVISION (G)?

#### A. General principles regarding the right to jury trial under California law

Under California law, the right to a jury trial in a civil action may be afforded either by statute or by the California Constitution.[8] When the right to jury trial exists, it provides the right to have a jury try and determine *issues of fact*. (Code Civ. Proc., § 592; Evid. Code, § 312.) Even in such cases, *issues of law* are to be determined by the court, rather than a jury. (Code Civ. Proc., § 591; Evid. Code, § 310; see generally 7 Witkin, Cal. Procedure, *supra*, Trial, § 81, pp. 107-108 [citing cases].)

#### 1. Statutory right to jury trial

As a general matter, the California Legislature has authority to grant the parties in a civil action the right to a jury trial by statute, either when the Legislature establishes a new cause of action or with respect to a cause of action

---

[8] To date, the United States Supreme Court has not held that the federal constitutional right to a jury trial "[i]n suits at common law, where the value in controversy shall exceed twenty dollars," embodied in the Seventh Amendment of the United States Constitution, is an element of due process applicable, through the Fourteenth Amendment, in civil actions in state court. (See, e.g., *Curtis v. Loether* (1974) 415 U.S. 189, 192, fn. 6; *Minneapolis v. St. Louis Railroad Co. v. Bombolis* (1916) 241 U.S. 211, 217-223.) The civil jury trial provision of the Seventh Amendment has been applied only in *federal* judicial proceedings. (See, e.g., *Tull v. United States* (1987) 481 U.S. 412.)

10

that rests on the common law or a constitutional provision. (See, e.g., Code Civ. Proc., § 1171 [right to jury trial in unlawful detainer action]; Gov. Code, § 3070 [right to jury trial in proceeding for removal of public officer]; Prob. Code, § 1827 [proposed conservatee entitled to jury trial on the question of establishment of a conservatorship]; Welf. & Inst. Code, § 1801.5 [right to jury trial on whether person is physically dangerous to public].) Given the Legislature's broad general legislative authority under the California Constitution and in the absence of any constitutional prohibition (see generally *Howard Jarvis Taxpayers Assn. v. Padilla* (2016) 62 Cal.4th 486, 497-498; *Marine Forests Society v. California Coastal Com.* (2005) 36 Cal.4th 1, 31), the Legislature may extend the right to a jury trial to instances in which the state constitutional jury trial provision does not itself mandate a right to a jury trial.

In instances in which the language and legislative history of a statute creating a civil cause of action do not indicate whether the Legislature intended that the action is to be tried by a jury or by the court, the question whether there is a right to a jury trial is generally determined by application of the state constitutional jury trial provision, now embodied in article I, section 16 of the California Constitution. (See, e.g., *Franchise Tax Bd.*, *supra*, 51 Cal.4th at pp. 1009-1018; *Crouchman*, *supra*, 45 Cal.3d at pp. 1172-1173.)[9] But even when

---

**9** California's general jury trial statute, section 592 of the Code of Civil Procedure, was enacted in 1872 and codifies the right to jury trial as it existed at common law. Past California decisions explain that the scope of the right to jury trial embodied in Code of Civil Procedure section 592 parallels the scope of the right to jury trial embodied in the California constitutional jury trial provision and, accordingly, that " 'section 592 provides no independent basis for a right to a jury.' " (*Franchise Tax Bd.*, *supra*, 51 Cal.4th at p. 1010, fn. 3; see also, e.g., *Corder v. Corder* (2007) 41 Cal.4th 644, 656.)

11

the language and legislative history of a statute indicate that the Legislature intended that a cause of action established by the statute is to be tried by the court rather than by a jury, if the California constitutional jury trial provision itself guarantees a right to a jury trial in such a cause of action, the Constitution prevails and a jury trial cannot be denied.  (See, e.g., *People v. One 1941 Chevrolet Coupe* (1951) 37 Cal.2d 283, 299-300; *People v. Kelly* (1928) 203 Cal. 128, 133.)

## 2.  Constitutional right to jury trial

Article I, section 16 of the California Constitution declares broadly that "[t]rial by jury is an inviolate right and shall be secured to all . . . ."[10] Notwithstanding the breadth of this declaration, past California cases make clear "that the state constitutional right to a jury trial 'is the right as it existed at common law in 1850, when the [California] Constitution was first adopted.' " (*Franchise Tax Bd.*, *supra*, 51 Cal.4th at p. 1010, quoting *C & K Engineering Contractors v. Amber Steel Co.* (1978) 23 Cal.3d 1, 8 (*C & K Engineering*); see also, e.g., *Crouchman*, *supra*, 45 Cal.3d at pp. 1173-1174; *People v. Powell* (1891) 87 Cal. 348, 355.)

---

**10**      Article I, section 16 of the California Constitution reads in full:  "Trial by jury is an inviolate right and shall be secured to all, but in a civil cause three-fourths of the jury may render a verdict.  A jury may be waived in a criminal cause by the consent of both parties expressed in open court by the defendant and the defendant's counsel.  In a civil cause, a jury may be waived by the consent of the parties expressed as prescribed by statute.

"In civil causes the jury shall consist of 12 persons or a lesser number agreed on by the parties in open court.  In civil causes other than causes within the appellate jurisdiction of the court of appeal the Legislature may provide that the jury shall consist of eight persons or a lesser number agreed on by the parties in open court.

"In criminal actions in which a felony is charged, the jury shall consist of 12 persons.  In criminal actions in which a misdemeanor is charged, the jury shall consist of 12 persons or a lesser number agreed on by the parties in open court."

In *C & K Engineering*, *supra*, 23 Cal.3d at pages 8-9, we noted: "As a general proposition, '[T]he jury trial is a matter of right in a civil action at law, but not in equity.' [Citations.] [¶] As we stated in *People v. One 1941 Chevrolet Coupe*, *supra*, 37 Cal.2d 283, ' "If the action has to deal with ordinary common-law rights cognizable in courts of law, it is to that extent an action at law. In determining whether the action was one triable by a jury at common law, the court is not bound by the form of the action but rather by the nature of the rights involved and the facts of the particular case — the *gist* of the action. A jury trial must be granted where the *gist* of the action is legal, where the action is in reality cognizable at law." ' (P. 299, fn. omitted, italics added.) On the other hand, if the action is essentially one in equity and the relief sought 'depends upon the application of equitable doctrines,' the parties are not entitled to a jury trial. [Citations.] Although we have said that 'the legal or equitable nature of a cause of action ordinarily is determined by the mode of relief to be afforded' [citation], the prayer for relief in a particular case is not conclusive [citations]. Thus, 'The fact that damages is one of a full range of possible remedies does not guarantee . . . the right to a jury . . . .' [Citation.]"

### B. Application to section 1278.5, subdivision (g)

### 1. Description of statute

Section 1278.5 — the whistleblower statute at issue here — declares generally that "it is the public policy of the State of California to encourage patients, nurses, members of the medical staff, and other health care workers to notify government entities of suspected unsafe patient care and conditions." (§ 1278.5, subd. (a).) In furtherance of this policy, the statute prohibits a health facility from "discriminat[ing] or retaliat[ing], in any manner, against any patient, employee, member of the medical staff, or any other health care worker of the

13

health facility because that person" has "[p]resented a grievance, complaint, or report to the facility" or to a governmental agency or has "participated . . . in an investigation . . . related to the quality of care, services, or conditions at the facility." (§ 1278.5, subd. (b)(1).)[11]

In addition to providing that a violation of the section "shall be subject to a civil penalty of not more than twenty-five thousand dollars" to be assessed and recovered through an administrative process (§ 1278.5, subd. (b)(3))[12] and that a willful violation constitutes a misdemeanor (§ 1278.5, subd. (f)), section 1278.5 — in subdivision (g) — authorizes an employee, a health care worker, or a member of a medical staff who has been discriminated against in violation of section 1278.5 to obtain remedies in a civil judicial action.[13] Along with these three

---

[11]     Section 1278.5, subdivision (c) establishes a rebuttable presumption of retaliation if any type of "discriminatory treatment of a patient" on whose behalf "a grievance or complaint has been submitted" occurs "within 180 days of the filing of the grievance or complaint."

Section 1278.5, subdivision (d)(1) establishes an analogous rebuttable presumption that "discriminatory action was taken . . . in retaliation against an employee, member of the medical staff, or any other health care worker of the facility" if the discriminatory action occurs "within 120 days of the filing of a grievance or complaint by the employee, member of the medical staff, or, . . . other health care worker."

Section 1278.5, subdivision (e) provides, in turn, that the presumptions set forth in subdivisions (c) and (d) are "presumptions affecting the burden of producing evidence." (See Evid. Code, § 603.)

[12]     Section 1278.5, subdivision (b)(3) provides: "A violation of this section shall be subject to a civil penalty of not more than twenty-five thousand dollars ($25,000). The civil penalty shall be assessed and recovered through the same administrative process set forth in Chapter 2.4 (commencing with Section 1417) for long-term health care facilities."

[13]     In *Fahlen v. Sutter Central Valley Hospitals* (2014) 58 Cal.4th 655, 676, we explained that although "[s]ection 1278.5 does not affirmatively state that these remedies may be pursued by means of a civil action, . . . it necessarily assumes as

*(footnote continued on next page)*

distinct remedial provisions, section 1278.5 explicitly provides in subdivision (m) that "[n]othing in this section abrogates or limits any other theory of liability or remedy otherwise available at law."[14]

The specific question before us is whether there is a right to a jury trial in the civil action authorized by section 1278.5(g) when, as in this case, a plaintiff who claims to have been wrongfully terminated seeks to recover compensatory damages as well as other relief in such an action.

Section 1278.5(g) currently provides in full: "An employee who has been discriminated against in employment pursuant to this section shall be entitled to reinstatement, reimbursement for lost wages and work benefits caused by the acts of the employer, and the legal costs associated with pursuing the case, or to any remedy deemed warranted by the court pursuant to this chapter or any other applicable provision of statutory or common law. A health care worker who has been discriminated against pursuant to this section shall be entitled to reimbursement for lost income and the legal costs associated with pursuing the case, or to any remedy deemed warranted by the court pursuant to this chapter or other applicable provision of statutory or common law. A member of the medical staff who has been discriminated against pursuant to this section shall be entitled to reinstatement, reimbursement for lost income resulting from any change in the

---

*(footnote continued from previous page)*

much when it explains certain procedures that may apply when 'the member of the medical staff . . . has filed *an action pursuant to this section . . . .*' ([§ 1278.5], subd. (h), italics added.)"

[14]     This subdivision of section 1278.5 was designated as subdivision (j) when section 1278.5 was originally enacted in 1999 (Stats. 1999, ch. 155, § 1, p. 2055), and was moved and redesignated as subdivision (m) as part of the 2007 amendment of section 1278.5. (Stats. 2007, ch. 683, § 1, p. 5812.)

15

terms or conditions of his or her privileges caused by the acts of the facility or the entity that owns or operates a health facility or any other health facility that is owned or operated by that entity, and the legal costs associated with pursuing the case, or to any remedy deemed warranted by the court pursuant to this chapter or any other applicable provision of statutory or common law."

Because plaintiff in this case was an employee of defendant health facility, the parties agree that it is the first sentence of section 1278.5(g) — applicable to "[a]n employee who has been discriminated against in employment" — that is directly at issue here.

**2. Statutory right to jury trial?**

Neither the first sentence nor any other portion of section 1278.5(g) expressly addresses the question whether the cause of action established by this provision is to be tried by a jury or by the court. Plaintiff maintains, however, that, properly understood, the current provisions of section 1278.5(g), as the subdivision was amended in 2007, were intended to grant a right to a jury trial when a plaintiff seeks damages in such an action and thus that the statute should be interpreted to provide such a right.

As initially enacted in 1999, section 1278.5(g) provided in full that "[a]n employee who has been discriminated against in employment pursuant to this section shall be entitled to reinstatement, reimbursement for lost wages and work benefits caused by the acts of the employer, and the legal costs associated with pursuing the case." (Stats. 1999, ch. 155, § 1, p. 2055.) Past California decisions generally treat the listed remedies as equitable in nature (see, e.g., *Dyna-Med, Inc. v. Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1387

(*Dyna-Med*)),[15] and plaintiff explicitly acknowledges in briefing in this court that "the remedies under the initial version of section 1278.5 provided equitable relief." Plaintiff does not assert that the 1999 version of section 1278.5(g) was intended to or in fact created a right to a jury trial in a cause of action brought under this section.

Plaintiff argues, however — and the Court of Appeal agreed — that in light of the 2007 amendment of section 1278.5(g) (Stats. 2007, ch. 683, § 1, p. 5811), and the expansion of potential remedies afforded by that amendment, section 1278.5(g) is now properly interpreted to afford an aggrieved employee a right to a jury trial when the employee seeks to recover damages in such an action. As noted above, the relevant portion of section 1278.5(g) as amended in 2007 currently provides: "An employee who has been discriminated against in employment pursuant to this section shall be entitled to reinstatement, reimbursement for lost wages and work benefits caused by the acts of the employer, and the legal costs associated with pursuing the case, *or to any remedy deemed warranted by the court pursuant to this chapter or any other applicable provision of statutory or common law.*" (The language added by the 2007 amendment is italicized and is hereafter referred to simply as "the 2007 amendment.")

---

**15** In *Dyna-Med*, *supra*, 43 Cal.3d at page 1387, the court observed: "Here the statutorily authorized remedies — hiring, reinstatement, upgrading with or without backpay, restoration to membership in a respondent labor organization — are exclusively corrective and equitable in kind." (Accord, *Curtis v. Loether*, *supra*, 415 U.S. at p. 197 ["In Title VII cases the courts of appeals have characterized backpay as an integral part of an equitable remedy, a form of restitution."].)

17

The Court of Appeal reasoned that because the 2007 amendment permits "any remedy . . . pursuant to . . . any . . . provision of statutory or common law," and because statutory remedies are not necessarily equitable and "many, if not all, common law remedies are also not equitable," the amended statute "allows for legal as well as equitable remedies, giving rise to the inference that a jury trial was contemplated by the Legislature." Defendants take issue with the Court of Appeal's premise and conclusion, maintaining that neither the language nor the legislative history of the 2007 amendment supports the Court of Appeal's determination that a jury trial was contemplated by the Legislature. In analyzing the statutory jury trial issue, we turn first to the language of the 2007 amendment.

There is no dispute that the 2007 amendment significantly expanded the remedies that are available to health care employee whistleblowers under the statute. The statute now permits an employee to obtain, in addition to the specific remedies previously listed in the statute, "any remedy . . . pursuant to . . . any other applicable provision of statutory or common law." (§ 1278.5(g).) The parties disagree, however, about the nature of the additional remedies authorized by the 2007 amendment. Plaintiff contends that given the breadth of the 2007 amendment — and particularly in view of the legislative history of the 2007 amendment discussed below (*post*, at pp. 21-25) — the common law remedy authorized by the 2007 amendment must reasonably include, for example, an award of money damages to compensate for an economic loss caused by an employer's discriminatory or retaliatory conduct, damages that are typically characterized as legal, rather than equitable, in nature. (Cf. *Commodore Home Systems, Inc. v. Superior Court* (1982) 32 Cal.3d 211, 215 [construing provision of Fair Employment and Housing Act authorizing civil cause of action, which did "not address the subject of judicial remedies," to permit "all forms of relief granted to civil litigants generally"].) Defendants argue, by contrast, that because

18

the *specific* remedies listed in section 1278.5(g) are all equitable remedies, the additional remedies authorized by the 2007 amendment reasonably should be interpreted as limited to additional equitable remedies. (Cf. *Dyna-Med*, *supra*, 43 Cal.3d at pp. 1386-1393 [construing general remedial language of the Fair Employment and Housing Act as authorizing Fair Employment and Housing Commission to provide only equitable, corrective remedies in light of equitable nature of specific remedies set forth in the applicable provision]; *Peralta Community College Dist. v. Fair Employment & Housing Com.* (1990) 52 Cal.3d 40, 48-57 [same].)

For the reasons discussed hereafter, we conclude that in resolving the jury trial issue before us in this case we need not determine whether the 2007 amendment of section 1278.5(g) is properly interpreted to authorize the imposition of legal as well as equitable remedies. As explained, even assuming that the Legislature intended to permit the imposition of legal as well as equitable remedies in an appropriate case, we conclude that section 1278.5(g) still is not reasonably understood, as a matter of statutory interpretation, to afford a right to a jury trial in such an action.

We focus initially on the language of the 2007 amendment to section 1278.5(g) — "or to any remedy deemed warranted by the court pursuant to this chapter or any other applicable provision of statutory or common law." The amendment states that it is "the court," and not a jury, that is to determine whether any of the potential expanded remedies are "deemed warranted" in a particular case. (§ 1278.5(g).) Under the statute, the court's determination of what other remedies are warranted in a particular case necessarily depends upon the court's evaluation of the efficacy and appropriateness of potential alternative remedies. Thus, even when the 2007 amendment is viewed in isolation, the language does

19

not suggest that the Legislature intended that an action under section 1278.5(g) is to be tried by a jury rather than by the court.[16]

Further, when the amended version of section 1278.5(g) is read as a whole, it appears even more clearly that the statute is reasonably interpreted to provide for a court, rather than a jury, trial. As noted, the new remedies provided by the 2007 amendment are in addition to the remedies previously set forth in the subdivision. The trial court is directed to determine what remedies are warranted in a particular case by reference to *all* of the potential remedial measures authorized by section 1278.5(g), most of which — as plaintiff acknowledges — are equitable in nature. In a particular case, a trial court may well determine, in light of the specific nature of an employer's misconduct and the practicality of particular remedies given the existing relationship between employer and employee, that, assuming legal remedies are available, a combination of both equitable remedies and monetary damages is warranted. Under the statutory language, however, the determination of the appropriate mix of equitable and legal remedies is to be made by the trial court alone. The language of section 1278.5(g), as amended in 2007, indicates that the Legislature intended that the cause of action established by that provision is to be tried and resolved by the court rather than by a jury, even when a plaintiff seeks damages in such an action.

---

[16] The trial court relied on this same reasoning, but the Court of Appeal rejected this analysis, asserting that "[t]he court is to select the appropriate remedy, but if the remedy is legal rather than equitable, the court should properly instruct the jury on the factual determinations the jury must make in order to award that remedy." The Court of Appeal's determination, however, fails to take into account that under the statute the amount of damages to be awarded will necessarily depend upon the nature of the equitable remedies that are to be imposed.

Finally, the legislative history of the 2007 amendment provides additional support for this conclusion with regard to legislative intent.

The bill that ultimately resulted in the 2007 amendment to section 1278.5 — Assembly Bill No. 632 (2007-2008 Reg. Sess.) (Assembly Bill No. 632) — was introduced on February 21, 2007.  The bill was sponsored by the California Medical Association and was proposed in order to extend to *physicians and surgeons* on the medical staffs of hospitals or other health care facilities the protections against discrimination and retaliation that the then-existing provisions of section 1278.5 afforded to *employees* of health care facilities.  (Assem. Com. on Health, Analysis of Assem. Bill No. 632 (2007-2008 Reg. Sess.) as introduced Feb. 21, 2007, pp. 4-5.)  As initially introduced, the bill did not include the "any remedy deemed warranted by the court" language that is at the heart of the controversy before us, but simply added a sentence extending the right to file a civil action under section 1278.5(g) to "[a] physician and surgeon who has been discriminated against pursuant to this section" as well as to an employee of a health care facility who has similarly been discriminated against.  (Assem. Bill No. 632 (2007-2008 Reg. Sess.) as introduced Feb. 21, 2007.)[17]

---

[17]    As introduced, Assembly Bill No. 632 proposed to amend section 1278.5, subdivision (g) to read as follows:  "An employee who has been discriminated against in employment pursuant to this section shall be entitled to reinstatement, reimbursement for lost wages and work benefits caused by the acts of the employer, and the legal costs associated with pursuing the case.  *A physician and surgeon who has been discriminated against pursuant to this section shall be entitled to reinstatement, reimbursement for lost income resulting from any change in the terms or conditions of his or her privileges caused by the acts of the facility or its affiliate, and the legal costs associated with pursuing the case.*"  (Assem. Bill No. 632 (2007-2008 Reg. Sess,) as introduced Feb. 21, 2007.)  (The proposed amended language is italicized.)

21

While the bill was pending in the Legislature, Assembly Bill No. 632 was amended on a number of occasions. Prior to the consideration of the bill by the Senate Judiciary Committee at a hearing in early July 2010, a bill analysis prepared for that committee raised the question whether the remedies then provided in the bill were adequate in light of the variety of potential retaliatory acts against physicians that the California Medical Association had brought to the Legislature's attention in letters sent to the Legislature.

Because of the relevance of the bill analysis's discussion to the issue of legislative intent, we quote the analysis at some length: "All of the state's whistleblower statutes apply to employees who disclose information about their employer's activities or proposed activities that violate or will violate the law in some manner. Thus, these statutes provide for various remedies that only employees could be entitled to, that are ascertainable and easily enforced.

"Current § 1278.5 in fact enumerates various remedies for an employee who has been discriminated or retaliated against: reinstatement, reimbursement for lost wages and work benefits caused by the employer's actions, and legal costs associated with pursuing the whistleblower's case under the statute. Because the physician and medical staff are most likely not employees of a hospital, the remedies available to them could be entirely different, depending on the retaliatory action that was taken.

"According to the CMA [California Medical Association], examples of actions a hospital can take to suppress physician-whistleblowers or to retaliate against them are: (1) underwriting the salary and/or practice expenses of a competing physician; (2) establishing a medical care foundation and supporting its physicians with hospital funds; (3) recruiting competing physicians to the community in the absence of a community deficit for that specialty; (4) establishing a medical practice administrative service company for selected

22

physicians and charging below market rates so that the doctor keeps a higher percentage of the collections and gains a competitive advantage; (5) buying the medical building with the physician's office and refusing to renew the physician's lease; (6) inducing primary care physicians to refer patients to the hospital outpatient facility for tests, bypassing the specialist's office-based testing (e.g., imaging and cardiac tests); (7) providing special scheduling priorities for hospital facilities; (8) underwriting certain physicians and empowering them with control or influence over the peer review process; (9) developing investment partnerships with selected physicians (surgery center, MRI center) that provide lucrative annual returns on investment (e.g., 50% return on investment (ROI) annually); and (10) providing special equipment leasing arrangements for selected physicians with above market ROI.

"AB 632 [as then worded] however would provide only the following remedies to a physician who was discriminated or retaliated against: reinstatement (of privileges?), reimbursement for lost income resulting from any change in the terms [or] conditions of his or her privileges caused by the health facility's acts or acts of any other facility owned or operated by the entity, and the legal costs of pursuing the case.

"It would seem that none of these remedies would give adequate redress to a physician who suffered any of the retaliatory acts named above.

"SHOULD THERE BE A CATCH-ALL PROVISION FOR A COURT TO FASHION WHATEVER REMEDY WOULD FIT THE RETALIATORY ACT?" (Sen. Judiciary Com., Analysis of Assem. Bill No. 632 (2007-2008 Reg. Sess.) as amended June 6, 2007, pp. 6-7 (2007 Senate Judiciary Analysis), capitalization in original.)

In apparent response to the emphasized question in the foregoing bill analysis, Assembly Bill No. 632 was amended on July 17, 2007, to add to the

23

remedies previously set forth in section 1278.5(g) the following language: "or to any remedy deemed warranted by the court pursuant to this chapter or any other applicable provision of statutory or common law." (Sen. Amend. to Assem. Bill No. 632 (2007-2008 Reg. Sess.) July 17, 2007.) Moreover, this catchall language was added not only to the portion of subdivision (g) that addresses the remedies available to a member of medical staff — such as a physician or surgeon — who has been discriminated against, but also to the separate portions of subdivision (g) that list the remedies available to an employee who has been discriminated against and to a health care worker who has been discriminated against. Assembly Bill No. 632, as finally enacted into law, included this amended language.

This legislative history demonstrates that the catchall provision that was added to section 1278.5(g) in 2007 was intended, in the words of the bill analysis, to permit "a court to fashion whatever remedy would fit the retaliatory act." (2007 Sen. Judiciary Analysis, *supra*, at p. 7, capitalization omitted.) This language strongly suggests that the intent was to authorize *the court*, rather than *a jury*, to determine the appropriate remedy. Not only does the bill analysis refer to a court rather than to a jury, but the act of fashioning an appropriate remedy to fit the nature of a wrongful act is the usual description of the type of discretionary equitable action that is to be taken by a court, rather than a jury. (Accord, *DiPirro v. Bondo Corp.* (2007) 153 Cal.App.4th 150, 182 ["Where, as here, the statute has delegated the assessment of civil penalties in accordance with a highly discretionary calculation that takes into account multiple factors, this is the kind of calculation traditionally performed by judges rather than a jury . . . ."].) Nothing in the legislative history indicates that the 2007 amendment was intended to give a jury authority to determine what type of remedies are warranted and should be imposed in a particular case.

24

Accordingly, for all the foregoing reasons, we conclude that, even if section 1278.5(g) as amended in 2007 is properly interpreted to authorize the granting of legal and well as equitable remedies, the Legislature intended that the action would be decided by a court rather than a jury when a defendant seeks to recover damages in such an action. Thus, as a matter of statutory interpretation, section 1278.5(g) does not afford a plaintiff the right to a jury trial in such an action.

### 3. Constitutional right to jury trial?

Plaintiff contends that even if section 1278.5(g) does not, as a statutory matter, afford a right to jury trial in an action brought pursuant to the statute, when a plaintiff seeks damages for retaliatory termination in such an action the gist of the action is comparable to a common law tort or breach of contract action and is legal in nature. Plaintiff asserts that as a consequence the jury trial provision of the California Constitution guarantees the right to a jury trial in such an action. Defendants maintain, by contrast, that no cause of action comparable to a section 1278.5(g) action existed at common law in 1850. Defendants argue that in light of both the scope of the remedial provisions of section 1278.5(g) (including both equitable and, as we have assumed, legal remedies) and the manner in which the appropriate mix of remedies is to be fashioned, the gist of an action under section 1278.5(g) is equitable in nature even when the plaintiff seeks to recover damages. Accordingly, defendants contend that there is no right to a jury trial in such an action under the California Constitution. If section 1278.5(g) provided the only means under California law for a health care employee whistleblower to obtain relief from unlawful retaliatory termination, we would be required to decide whether the gist of a section 1278.5(g) action in which damages are sought is legal or equitable in nature to determine whether the statute improperly deprives the whistleblower of the constitutional right to a jury trial under the California Constitution.

25

For the reasons explained hereafter, however, we conclude that in resolving the constitutional jury trial issue we need not decide whether the gist of an action for retaliatory termination under section 1278.5(g) in which damages are sought is legal or equitable in nature, because an action under section 1278.5(g) is not the only means under California law by which a plaintiff can obtain a jury trial on a claim for damages for retaliatory termination. As noted in our earlier summary of the various provisions of section 1278.5, subdivision (m) of section 1278.5 provides that section 1278.5 as a whole — including the cause of action authorized by section 1278.5(g) — does *not* "abrogate[] or limit[] any other theory of liability or remedy otherwise available at law" to a person aggrieved by conduct that violates section 1278.5. (*Ante*, at p. 15.) Accordingly, under the terms of section 1278.5 itself, the cause of action established by section 1278.5(g) is expressly *in addition to* any other remedy a health care whistleblower otherwise possesses.

One such remedy, of course, is a health care employee's right to bring a civil action for retaliatory termination under this court's decision in *Tameny*, *supra*, 27 Cal.3d 167. In *Tameny* this court held that an employee may bring an action in tort when an employer's discharge of the employee contravenes the dictates of public policy. (*Id*. at pp. 176-177.) And in our subsequent decisions in *Gantt v. Sentry Insurance* (1992) 1 Cal.4th 1083, 1095 and *Stevenson v. Superior Court* (1997) 16 Cal.4th 880, 888-890, we held that one of the appropriate sources to which a court may look in determining whether a discharge or termination violates the state's public policy is a statutory declaration of public policy adopted by the Legislature.

As we have seen, in section 1278.5 the Legislature has explicitly provided that it is the public policy of this state to encourage health care employees to notify government entities of unsafe patient care and conditions and to prohibit a health care facility from discriminating or retaliating against an employee who has

26

presented a grievance or complaint related to the quality of care, services, or conditions at the facility either to the facility itself or to a governmental agency. (§ 1278.5, subds. (a), (b)(1).)  Accordingly, in an employee's suit for retaliatory termination, any conduct of the health care facility that would support a cause of action under section 1278.5(g) would also provide a basis for a tort action under *Tameny*.  (Accord, *Khajavi v. Feather River Anesthesia Medical Group* (2000) 84 Cal.App.4th 32, 51-52 [physician's wrongful termination action under *Tameny* properly based on defendant's alleged violation of Bus. & Prof. Code § 2056, which prohibits retaliation against a physician for advocating for medically appropriate health care].)

In light of the language of section 1278.5, subdivision (m), a health care employee whistleblower's cause of action for retaliatory termination under section 1278.5(g) is clearly *in addition to* the health care employee whistleblower's right (1) to bring a legal action for damages for retaliatory termination under this court's decision in *Tameny*, *supra*, 27 Cal.3d 167, (2) to obtain a jury trial in the *Tameny* action, and (3) to have the jury in the *Tameny* action determine whether the employee was subjected to unlawful retaliatory termination and, if so, the amount of damages that the plaintiff is entitled to recover for such conduct.[18]  Thus, even

---

[18]   At oral argument, defendants' counsel asserted that when a *Tameny* action is based on a violation of the public policy set forth in section 1278.5, the remedies available in the *Tameny* action are necessarily limited to the same remedies that are available in the cause of action authorized under section 1278.5(g).  We disagree.  The public policies upon which such a *Tameny* action rests are set forth in section 1278.5, *subdivisions (a) and (b)*, and those subdivisions do not embody any limitation on remedies that properly would be carried over into a *Tameny* action.  Any limitation on remedies that may apply in a section 1278.5(g) action (assuming there is such limitation) would not restrict the remedies that are ordinarily available in a *Tameny* action; that is particularly true in light of the language of section 1278.5, subdivision (m), which states that

*(footnote continued on next page)*

if, as plaintiff contends, an employee who seeks to recover damages for retaliatory termination has a constitutional right under the California Constitution to have his or her claim for damages resolved by a jury, California affirmatively grants that right to an employee through a *Tameny* action. In enacting section 1278.5(g) and providing for a court trial of the section 1278.5(g) action, the Legislature has not curtailed a health care employee whistleblower's right to obtain a jury trial when the employee seeks damages for retaliatory termination; the employee retains that jury trial right in an action under *Tameny*. Instead, section 1278.5(g) simply affords an employee who alleges that he or she has been the subject of retaliatory termination the option of bringing a distinct cause of action, either in addition to or instead of a *Tameny* action, in which the plaintiff can obtain the remedies prescribed by section 1278.5(g), including equitable remedies that a jury would not be able to provide in a *Tameny* action.[19]

---

*(footnote continued from previous page)*

nothing in section 1278.5 "abrogates or limits any other theory of liability or remedy otherwise available at law." We have no occasion in this matter to address the validity of the Court of Appeal decision relied upon by defendants' counsel (*Dutra v. Mercy Medical Center Mt. Shasta* (2012) 209 Cal.App.4th 750, 754-756 [holding that a common law wrongful termination action may not be based upon the public policy against retaliation for filing a workers' compensation claim set forth in Lab. Code, § 132a]; but cf. *City of Moorpark v. Superior Court* (1998) 18 Cal.4th 1143, 1161 [holding that "disability discrimination [in violation of Lab. Code, § 132a] can form the basis of a common law wrongful discharge claim"]), because, in any event, the public policies embodied in section 1278.5, subdivisions (a) and (b), are not in any manner inconsistent with permitting recovery of the full and ordinary remedies available in a *Tameny* action, and the statute at issue in *Dutra*, *supra*, 209 Cal.App.4th 750, did not contain a provision comparable to section 1278.5, subdivision (m).

[19] The complaint in this case does not directly explain why plaintiff has chosen to seek relief under both a *Tameny* action and an action under section 1278.5(g). To the extent plaintiff seeks only compensatory and punitive damages

*(footnote continued on next page)*

28

Further, because section 1278.5, subdivision (m) establishes that section 1278.5 was intended to fully preserve a whistleblower's rights under a *Tameny* action, in the retaliatory termination context a health care employee who chooses to bring both a *Tameny* cause of action and a cause of action under section 1278.5(g) retains the right in the *Tameny* action to have a jury determine whether he or she is entitled to recover damages and the amount of damages to be recovered for such unlawful termination. Consistent with the purpose underlying section 1278.5, subdivision (m), in the section 1278.5(g) cause of action the court cannot foreclose or undermine the employee's right to a jury trial in the *Tameny* cause of action.

As noted above, the trial court in this case stated that it would consider the evidence presented to the jury concurrently with the jury, and did not suggest that it would preempt the jury's determination of damages under the *Tameny* cause of action by ruling on the cause of action under section 1278.5(g) prior to the jury's resolution of the *Tameny* claim. (See *ante*, at p. 4.) In other contexts, California decisions have held that when both legal and equitable claims are at issue, a trial court has discretion to rule first on the equitable claim; this may obviate a jury trial

_____

*(footnote continued from previous page)*

or other legal remedies as to which a right to jury trial would apply, the cause of action under *Tameny* would be sufficient to afford plaintiff complete relief. The prayer for relief set forth in the section 1278.5(g) cause of action in the complaint includes other items that conceivably could support an award of some sort of equitable relief — for example, specific performance of some of the unspecified benefits "to which Plaintiff would have been entitled . . . by reason of Plaintiff's employment with Defendants" or some other type of equitable relief "as the Court deems just and proper" — that could be awarded only by the court in an equitable action. The prayer in the section 1278.5(g) cause of action also seeks an award of "attorneys' fees pursuant to Health and Safety Code § 1278.5 and civil penalties allowed thereunder." We have no occasion in this case to determine whether either of the latter two items is recoverable in a section 1278.5(g) action.

29

of the legal claim if the trial court's ruling is dispositive of an issue crucial to the legal claim. (See, e.g., *Connell v. Bowes* (1942) 19 Cal.2d 870, 872; *Jaffe v. Albertson Co.* (1966) 243 Cal.App.2d 592, 609.) Because section 1278.5, subdivision (m) provides that section 1278.5 is not intended to abrogate or limit a plaintiff's remedy in a *Tameny* action, however, we conclude that when a plaintiff who claims to have been subjected to retaliatory termination pursues both a cause of action under *Tameny* and a cause of action under section 1278.5(g) in the same proceeding, the court may not deprive the plaintiff of the right to a jury determination of the *Tameny* cause of action by ruling first on the section 1278.5(g) claim. Instead, consistent with the purpose of section 1278.5, subdivision (m), when a plaintiff seeks a jury trial in a *Tameny* cause of action the court must permit the jury to resolve the *Tameny* claim and thereafter give effect to the jury's resolution in its determination of any remaining issues in the section 1278.5(g) cause of action. (Accord, *Hughes v. Dunlap* (1891) 91 Cal. 385, 388-390; *Hoopes v. Dolan* (2008) 168 Cal.App.4th 146, 158-161.)[20]

---

[20]    In this case, plaintiff seeks recovery for retaliatory termination and thus clearly may maintain an action and obtain a jury trial under *Tameny*. Because the issue is not before us, we have no occasion to consider under what circumstances a plaintiff in a section 1278.5(g) action who alleges discriminatory treatment other than retaliatory termination has a right to bring a *Tameny* action or is otherwise entitled to a jury trial. (Compare *Garcia v. Rockwell Internat. Corp.* (1986) 187 Cal.App.3d 1556, 1560-1562, described with apparent approval in *Scott v. Pacific Gas & Electric Co.* (1995) 11 Cal.4th 454, 465 [upholding *Tameny* action for discipline short of termination] with *Daly v. Exxon Corp.* (1997) 55 Cal.App.4th 39, 45 [rejecting *Tameny* action for failure to renew employment contract]; *Montevalli v. Los Angeles Unified School Dist.* (2004) 122 Cal.App.4th 97, 112-113 [same]; *Touchstone Television Productions v. Superior Court* (2012) 208 Cal.App.4th 676, 680-681 [same].)

In sum, even if plaintiff is correct in maintaining that the California Constitution's jury trial provision should be interpreted to guarantee an employee's right to obtain a jury trial when the employee seeks damages in an action for retaliatory termination, section 1278.5, subdivision (m) preserves plaintiff's right to a jury trial on damages for retaliatory termination in her *Tameny* action. Thus, the Legislature in providing for a court trial in an action under section 1278.5(g) has not abrogated or undermined plaintiff's right to a jury determination of damages. For this reason, we conclude that the Legislature did not violate the state constitutional jury trial provision in providing for a court determination of a retaliatory termination cause of action under section 1278.5(g), even when a plaintiff seeks damages in such an action.[21]

Finally, to avoid any misunderstanding, we reiterate that we need not and do not decide in this case whether a statute providing for a court trial in a whistleblower action would violate the California Constitution if California law did not otherwise afford an aggrieved employee who seeks damages for retaliatory termination the right to a jury trial. Similarly, we need not and do not decide whether such a statute would violate the jury trial provision of the California Constitution if such a statute purported to displace an employee's right to bring a *Tameny* action.

---

[21] We recognize that, as a theoretical matter, if a plaintiff chooses not to file a *Tameny* action and instead seeks damages only through an action pursuant to section 1278.5(g), a *defendant* in the statutory action conceivably might claim that it was being denied *its* asserted right to a jury trial on the issue of retaliatory termination if the section 1278.5(g) cause of action is tried by the court. We need not address that highly theoretical question in the present case. Here, plaintiff has brought a *Tameny* action in which defendants will have a right to a jury trial on the matter and, in any event, defendants have waived any right to a jury trial in the section 1278.5(g) action by specifically objecting to a jury trial on that claim.

## IV. CONCLUSION

For the reasons discussed above, the Court of Appeal decision is affirmed insofar as it concludes that a trial court ruling denying a requested jury trial may be challenged prior to trial by a petition for an extraordinary writ, but is reversed insofar as it concludes that there is a right to a jury trial in a cause of action for retaliatory termination under section 1278.5(g) when a plaintiff seeks damages in such an action.  The matter is remanded to the Court of Appeal for further proceedings consistent with these conclusions.

**CANTIL-SAKAUYE, C. J.**


**WE CONCUR:**

**WERDEGAR, J.**
**CHIN, J.**
**CORRIGAN, J.**
**LIU, J.**
**CUÉLLAR, J.**
**KRUGER, J.**

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** Shaw v. Superior Court

_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 229 Cal.App.4th 12
**Rehearing Granted**

_____

**Opinion No.** S221530
**Date Filed:** April 10, 2017

_____

**Court:** Superior
**County:** Los Angeles
**Judge:** Alan S. Rosenfield

_____

**Counsel:**

Shegerian & Associates, Inc., Carney R. Shegerian and Anthony Nguyen for Petitioner.

Center for Legal Affairs, Francisco J. Silva and Long X. Do for California Medical Association as Amicus Curiae on behalf of Petitioner.

No appearance for Respondent.

Shaw Valenza, D. Gregory Valenza and Jasmine L. Anderson for Real Parties in Interest.

Manatt, Phelps & Phillips, Barry S. Landsberg and Joanna S. McCallum for Dignity Health as Amicus Curiae on behalf of Real Parties in Interest.

Jacquelyn Garman; Arent Fox, Lowell C. Brown, Erin L Muellenberg and Jonathan E. Phillips for California Hospital Association as Amicus Curiae on behalf of Real Parties in Interest.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Carney R. Shegerian
Shegerian & Associates, Inc.
225 Santa Monica Boulevard, Suite 700
Santa Monica, CA  90401
(310) 860-0770

D. Gregory Valenza
Shaw Valenza
425 University Avenue, Suite 200
Sacramento, CA  95825
(916) 640-2240

Barry S. Landsberg
Manatt, Phelps & Phillips
11355 West Olympic Boulevard
Los Angeles, CA  90064-1614
(310) 312-4000